### WALSH v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. December 3, 1909.)

#### No. 1,469.

BAIL (§ 44*)—FEDERAL COURTS—RIGHT TO RELEASE ON BAIL AFTER AFFIRMANCE ON ERROR.

The affirmance by the Circuit Court of Appeals of a judgment of conviction in a criminal case is the end of the proceedings in error, and that court has no power to continue defendant's bail, nor to admit him to new bail pending his application to the Supreme Court for a writ of certiorari; but the court may, for good cause shown, defer the beginning of his sentence for a reasonable time.

[Ed. Note.—For other cases, see Bail, Dec. Dig. § 44.*]

Criminal prosecution by the United States against John R. Walsh. On motion to continue bail. Motion denied.

See, also, 174 Fed. 615, 621.

Before GROSSCUP and BAKER, Circuit Judges, and HUMPHREY, District Judge.

PER CURIAM. The petition for rehearing having been overruled, motion is made to continue the present bail, or admit Walsh to new bail, pending his application to the Supreme Court for a writ of certiorari. This motion must be overruled. Bail is a stay of proceedings, arising out of, and a part of, the pendency of a writ of error. The proceedings in error ended, the right to admit bail is ended. The proceedings in error are now at an end. This court is not, in cases of this kind, an intermediate court, from whose judgment a writ of error can, as a matter of right, be sued out. This court cannot itself issue a writ of error to the Supreme Court. If there is to be fur-

---

ther review, the writ must come, if it comes at all, from the Supreme Court itself. The order of this court, unless and until arrested by the Supreme Court, is a final order; and in the interval, no proceedings in error are pending. There is, therefore, no pending proceeding upon which to predicate the continuation or taking of bail.

But, although Walsh must be surrendered to the custody of the officers of the law, the court has power, on his motion, to defer the beginning of the sentence, named in the judgment, for such time as, within the judgment of the court, is reasonable, as for instance, in case of temporary illness, or a necessity, involving the interest of others as well as himself, that his affairs should be arranged, or an application, in good faith, being about to be made to the Supreme Court for a writ of certiorari, pending such application, provided the same be within a reasonable time. This power is frequently exercised in the case of sickness, and the necessity of arranging affairs, by the court imposing sentence, and, for the purpose of affording a reasonable time to make application to the Supreme Court, has been exercised by the Court of Appeals for the Second Circuit in the Morse Case, in committing Morse to the Tombs, instead of to the imprisonment named in the sentence. And, in the exercise of this power, if Walsh, in open court moves for it, we will commit him to the custody of the marshal, pending application to the Supreme Court for writ of certiorari, provided such application be submitted to that court on or before the 3d day of January, 1910.