IN RE ADVISORY OPINION TO THE GOVERNOR.

Under Section 11 of Article IV of the Constitution the Governor
may grant two or more successive reprieves in the same case
that in the aggregate exceed sixty days, but no one of them
shall exceed a period of sixty days.

Shackleford, J., dissents.

State of Florida,
Executive Department,
Tallahassee, June 21, 1911.

To the Honorable Chief Justice and Justices of the Su-
preme Court of Florida:

Gentlemen:

On the 9th day of May, 1911, in pursuance of the provi-
sions of Section 4020 of the General Statutes, I issued a
proper warrant directing the execution on the second day
of June, 1911, of a sentence to suffer the pains of death im-
posed upon one Will Walker, alias Sonny Walker, upon
a conviction for murder in the first degree in the Circuit
Court for Duval County.

On the first day of June, 1911, upon a proper showing,
acting under the authority vested in me as Governor, I
granted to the said Will Walker, alias Sonny Walker, a
reprieve in the execution of the said sentence for a period
of twenty-one days, from the second day of June, 1911, to
the twenty-third day of June, 1911.

An application has now been submitted to me for a
further reprieve in the execution of said sentence, pend-
ing the determination of certain legal proceedings insti-
tuted or about to be instituted in behalf of the said Will
Walker, alias Sonny Walker.

Section 11 of Article IV of the State Constitution pro-
vides that:

"The Governor shall have power to suspend the collection of fines and forfeitures, and to grant reprieves for a period not exceeding sixty days for all offenses, except in cases of impeachment."

It appears that the requirements of the public business make it desirable if another reprieve shall be granted in this matter, same be granted for a period of forty-nine days from the twenty-third day of June, 1911.

In the circumstances, I respectfully request the opinion of the Justices of the Supreme Court, under Section 13 of Article IV of the State Constitution, as to whether, having already granted in this matter a reprieve for a period of twenty-one days, I can, as Governor, in view of the above quoted provision of Section 11 Article IV of the Constitution, grant a further and additional reprieve of forty-nine days following the expiration of a first reprieve of twenty-one days.

I have the honor to remain,

Very respectfully,
ALBERT W. GILCHRIST,
Governor.

State of Florida,
Supreme Court,
Tallahassee, June 22, 1911.

To His Excellency,
    Albert W. Gilchrist,
        Governor of Florida.
Sir:

Your communication has been received requesting an opinion under Section 13, of Article IV of the Constitution as to whether your executive powers under the constitution authorize you to grant in a case successive re-

prieves which taken together cover a period of more than sixty days.

Section 11 of Article IV of the Constitution ordains that "The Governor shall have power to ———— grant reprieves for a period not exceeding sixty days, for all offenses, except in cases of impeachment." This executive power to grant reprieves is authority to suspend or postpone the execution of a sentence imposed by the courts upon conviction for a crime committed. In capital cases the sentence of the court is executed upon a warrant issued by the Governor. The quoted provision of the constitution does not limit the granting power to one reprieve in a case; its only limitation is that each reprieve shall be "for a period not exceeding sixty-days."

Very respectfully,

J. B. WHITFIELD,
R. F. TAYLOR,
R. S. COCKRELL,
W. A. HOCKER,
C. B. PARKHILL,
Justices of the Supreme Court.

I deeply regret that I cannot concur with the other Justices in the conclusion which they have reached. Very briefly stated, I think that while the Governor may grant successive reprieves in a case the total amount of time of such reprieves is limited by the Constitution to sixty days.

T. M. SHACKLEFORD.