HERBERT BARBER v. STATE.

169 So. 368.
Opinion Filed June 26, 1936.

Joseph S. Wilensky, for Plaintiff in Error;

Cary D. Landis, Attorney General, and Roy Campbell, Assistant Attorney General, for the State.

DAVIS, J.—This writ of error is to a judgment upholding a supersedeas bail in the sum of $10,000.00 required of petitioner who stood convicted of murder in the second degree. The purpose of the habeas corpus was to secure a reduction in the amount of bond that had been fixed under conviction. The Circuit Judge found after a full hearing that the requirement of a $10,000.00 supersedeas bond was not unreasonable, or tantamount to the denial of bail, and remanded petitioner.

Our conclusion is that after conviction the test of reasonableness must be applied in fixing the amount of a supersedeas bond under our statutes. This means that what would, or might be, unreasonable if required as bail prior to a conviction, is not necessarily to be deemed unreasonable if required as bond incident to an application for discharge on bail pending a writ of error. Section 8467 C. G. L., 6153 R. G. S., 8565 C. G. L., 6151 R. G. S.

The particular circumstances found and recited in the order of reversal entered in this case are ample to justify the finding as reasonable of a supersedeas bond in the sum of $10,000.00, when so fixed after conviction and sentence for murder in the second degree, even though the defendant is shown to be insolvent and probably unable to make such bond in his present circumstances. The rule of Mendenhall v. Sweat, 117 Fla. 299, 157 Sou. Rep. 888, 117 Fla. 659, 158 Sou. Rep. 280, is applicable to ordinary bail under Sections 8 and 9, Declaration of Rights, Florida Constitution. In supersedeas matters the rule of State, *ex rel.* Gallat, v. Allen, 82 Fla. 149, 89 Sou. Rep. 398, applies.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.