*Ex Parte* FRANK HYDE and C. K. SLATON.

192 So. 159
En Banc
Opinion Filed November 15, 1939

*William C. Pierce* and *Zewadski & Pierce,* for Petitioners;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Respondent.

BROWN, J.—This is a petition for a writ of habeas corpus to secure the discharge of the petitioners Frank Hyde and C. K. Slaton, to secure their discharge from custody upon bail, the terms and conditions of which to be fixed by the Court. The petition contains the following allegations:

"FIRST: That on the 29th day of June, 1938, petitioners herein were convicted in the Criminal Court of Record for Dade County, Florida, of an offense against the gaming laws of Florida, and were thereupon each sentenced by the Honorable Judge of said court to serve a term of four months in the State prison at Raiford, Florida. That thereafter, upon writ of error duly taken to review the aforesaid conviction and sentence, said judgment was affirmed by the Supreme Court of Florida, and mandate of affirmance duly transmitted from said Supreme Court to said Criminal Court of Record.

"SECOND: That on the 1st day of November, 1939, and before petitioners had entered upon the execution of said judgment and sentence aforesaid, the Honorable Fred P. Cone, Governor of Florida, acting under his constitutional authority, granted and officially issued a respite or reprieve of sixty days from said date to each of petitioners herein, and said Governor did thereupon advise D. C. Coleman, Sheriff of Dade County, Florida, of the issuance and granting of said reprieve, and did direct said sheriff to withhold further action against petitioners during the reprieve.

"That thereafter the said Governor of Florida did request and direct the said Sheriff of Dade County to take petitioners into custody and not release them except upon the posting of a good and substantial bond. That pursuant thereto, the said Sheriff of Dade County, Florida, did on the 6th day of November, 1939, take petitioners into custody and did commit them to the common jail of Dade County, Florida, where petitioners have, since said time, been held in custody by said sheriff, and are now being held in such custody.

"THIRD: That petitioners have been ready, able and willing to post bail, and have offered so to do, for their release from custody pending the reprieve, but said Sheriff of Dade County, Florida, has declined and refused to accept or approve such bail, because no amount of such bail had been fixed by any court or other authority. That the Circuit Judges of Dade County, Florida, have declined, upon request, to fix the amount of bail for said release from custody of petitioners upon the ground that said circuit court has no jurisdiction to fix such bail, inasmuch as the mandate of affirmance from the Supreme Court of Florida has already been transmitted as aforesaid to the said Criminal Court of Record. That thereupon petitioners, while entitled to all

the benefits of the respite or reprieve heretofore granted and regularly issued to them by the said Governor of Florida, acting in his executive capacity under the Constitution, have nevertheless been unable to post bail for the duration of said reprieve and thereby given their liberty during said time.

"WHEREFORE, petitioners respectfully pray that your Honors will grant unto petitioners a writ of habeas corpus directed to D. C. Coleman as Sheriff of Dade County, Florida, commanding said respondent to produce the bodies of petitioners before your Honors instanter, and show cause why he is holding petitioners in custody, and that upon due return to said writ, your Honors may enter order directing the discharge of petitioners from custody upon the posting of reasonable bail, to be approved by such authority and to be conditioned as your Honors may direct."

The facts thus stated in the sworn petition must, on consideration of the objections interposed be treated as true. The Attorney General has appeared in behalf of the respondent sheriff, and in behalf of the State of Florida, and objects to the issuance of writ of habeas corpus and to the allowance of fixing of bail for the petitioners upon several grounds, among them being that it affirmatively appears that petitioners are lawfully held in custody by the respondent; that the holding of petitioners in respondent's custody does not conflict with the Governor's reprieve, or with any provision of law; that the petitioners are not entitled to bail after conviction of crime by them and after affirmances of said convictions and denial of rehearing by this Court, and that there is no authority of law for the court to grant bail or to release petitioners; that the reprieve merely postponed execution of petitioner's sentence of confinement in the State prison, which reprieve had been

duly honored; that the Governor did not and could not lawfully empower or require the courts to allow or fix bail or by court action to release convicted persons duly held in custody; and that it is contrary to the public interest and the sound administration of the laws to grant said petition.

The question here presented is one of first impression in this jurisdiction.

The power to grant reprieve is vested exclusively in the Governor by Section 11 of Article IV of our State Constitution.

A reprieve is a suspension or postponement of the execution of a sentence to a day certain. 46 C. J. 1183. It is merely the postponement of a sentence for a definite time. It does not and cannot defeat the ultimate execution of the judgment and sentence of the court, but merely temporarily delays its execution. 20 R. C. L. 522.

As was said by this Court in Advisory Opinion of the Governor, 62 Fla. 7, 55 So. 865, "This executive power to grant reprieves is authority to suspend or postpone the execution of a sentence imposed by the courts upon conviction for a crime committed."

As this power to grant reprieves is vested by the Constitution exclusively in the Governor, it necessarily follows that he could either deny or grant a reprieve, within the limit of time fixed by the Constitution, and being thus vested with this power, it follows that he can grant such reprieves, either unconditionally, or upon such condition as in his judgment and discretion he may see fit to impose.

It is contended by the Attorney General that the mere granting of a reprieve does not authorize the release of a prisoner who is being held in custody incidental to the judgment of conviction, but merely postpones the going into execution of the sentence imposed; that if, after judg-

ment of conviction, the prisoner is being held in custody until he can be taken to the State prison pursuant to the sentence imposed, the granting of the reprieve in the usual form does not require the sheriff to release the prisoner from custody, but merely postpones the date when the sentence of conviction shall go into execution; citing the case of *Ex Parte* Howard, 17 N. H. 549. We are inclined to agree, but do not deem it necessary in this case to pass upon this contention.

The courts will not interfere with the constitutional power of the Governor to grant reprieves, but no authority has been cited to us which would authorize the courts to allow and fix bail, on writ of habeas corpus or otherwise, in behalf of a person who had been convicted of a crime in a court of competent jurisdiction, when such judgment of conviction has been affirmed by the Supreme Court and petition for rehearing denied.

Bail is allowable before conviction, but thereafter the allowance of bail is discretionary and allowable only in cases bailable according to the course of the common law or the statutes. Constitution, Declaration of Rights, Section 9; Section 8467 C. G. L., Stalnaker v. State, 126 Fla. 407, 171 So. 226; *Ex Parte* McDaniel, 86 Fla. 145, 97 So. 317.

We have no statute providing for allowance of bail after the judgment of conviction has been affirmed by this Court and petition for rehearing denied. And there was no such right at common law. Our conclusion therefore is that under the facts in this case, as set forth in the petition for habeas corpus, neither this Court nor any other court of this State is vested with jurisdiction or power to allow and fix bail.

This is the first application of this kind which has ever been made to this Court and the paucity of authority or

cases in point indicates that such an application has rarely been made to the courts of other States.

There are some cases and references in text works which have a bearing on the fundamental principles involved, among them being *Ex Parte* United States, Petitioner, 242 U S. 27, 61 L. Ed. 129; 16 C J. 1332, Sec. 3134; 6 C. J. 979-982; Walsh v. U. S., 177 Fed. 208; 16 C. J. 1339, Sec. 3148.

Generally speaking, at least, the power to admit to bail is a judicial power; and it is one which can only be exercised under certain circumstances and conditions recognized and authorized by the Constitution and the laws of the State. We find no authority therein for the exercise by this Court of this power or authority under the facts set forth in the present petition.

It follows therefore that the petition for writ of habeas corpus must be and the same is hereby denied.

Terrell, C. J., Whitfield, Chapman and Thomas, J. J., concur.

Justice Buford not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.