TERRELL, Justice.
Writ of habeas corpus was' granted ap-pellee on petition charging that he' was held in custody for violating parole. The peti-' tion prayed that he be discharged or, in the alternative, that he be released on bail pending a hearing before the Parole Commission. Return to the writ alleged that ap-pellee was committed to the Hillsborough County jail and was being held under warrant of the Parole Commission. On the issue thus presented, the court entered an order finding that he had jurisdiction of appellee and admitted him to bail in the sum of $3,500, conditioned that he appear before the Florida Parole Commission March 16, 1954, or any member thereof that may be designated by the Commission. We are confronted with an appeal by certiorari from that order, leave for which was granted by the Circuit Court.
The point for determination is whether or not the Circuit Court has power or jurisdiction to grant bail to a parolee who is held under parole violation warrant issued from the Florida Parole Commission.
It is admitted that appellee was tried and convicted for crime in a court of competent jurisdiction and that he was paroled by the Florida Parole Commission. Appellant contends that when this is the case there is no power in the Circuit Court to allow bail. Ex parte Hyde, 140 Fla. 494, 192 So. 159, and Section 947.22, Florida Statutes, F.S.A., are relied on to support this contention.
Ex parte Hyde is authority for the view that bail is allowable before conviction but thereafter the allowance of bail is discretionary and allowable only, in cases bailable according to the course of the common law or the statutes. Section-947.22(l), Florida Statutes, F.S.A., is a portion of Chapter 20519, Acts of 1941, creating and defining the powers of the Florida Parole Commission, and is as follows:
“If any member of the commission shall have reasonable ground to believe that any parolee has lapsed into criminal ways, or has violated the terms and conditions of his parole in a material respect, such member may issue a warrant for the arrest of such parolee. Said warrant, if issued by a member of the commission, shall be returnable before him and shall command that the parolee be brought before him, when he may examine such parolee and admit ,him to bail conditioned for his appearance before the parole commission, or if he is not admitted to bail, commit; him to jail pending a hearing before the commission as hereinafter provided.” (Emphasis added.)
A reading of Chapter 947, in its entirety, leaves no doubt that it was the intention of the legislature to vest in the Florida Parole Commission the power to grant and administer paroles, commit parolees to jail or grant them bond, as the circumstances might suggest. Section 79.-01, Florida Statutes, F.S.A., governing applications for habeas corpus, requires the petitioner to “show by affidavit or evidence probable cause to believe that he is detained in custody without lawful authority/’ Certainly this showing cannot be made if the parolee is held under a parole violation warrant after bail is denied by the Parole Commission pursuant to the cited statute. The order of the Circuit Judge shows on its face that it was made on examination of the petition and the return of the sheriff so there was no showing that the Parole Commission abused its discretion.
It seems to me that the Circuit Court was without jurisdiction to admit appellee to *82 bail, there being no showing that the Parole Commission abused its discretion.
It follows that the judgment appealed from must be and is hereby reversed.
It is so ordered.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ., concur.