151 So.2d 675 (1963)
Henry Wayne LAMBERT, Appellant,
v.
STATE of Florida, Appellee.
No. E-32.
District Court of Appeal of Florida. First District.
April 9, 1963.
*676 Philip D. Beall of Jones, Beall & Sims, Pensacola, and Curtis A. Golden of Golden & Fitzgerald, Milton, for appellant.
Henry R. Barksdale, Pensacola, for appellee.
RAWLS, Judge.
Henry Wayne Lambert was convicted on November 9, 1962, in the Court of Record of Escambia County of the offense of breaking and entering with intent to commit a felony. Lambert filed his notice of appeal on November 13, 1962, and on the same day the trial court set supersedeas bond at $10,000. Bond was posted the following day and Lambert was released from jail. On January 28, 1963, Lambert was arrested on another charge and the trial judge set aside his former order and increased the supersedeas bond to $20,000.
Lambert, being unable to post the additional bond, moved the District Court to reduce bond. This motion recites that the order increasing the supersedeas bond was entered without further hearing in the matter, although the trial judge's order recited "This cause coming on to be heard upon the Court's own motion * * *."
The appellant's motion as presented to us is an application for bail and an application for reduction of bail apparently based upon the theory that the trial judge abused his discretion either in the reasonableness of the increased bail required or in the manner in which bail was increased.
*677 We have not found any decisions directly in point and very little authority on the subject. The statutes provide that pending appeal a convicted defendant may be released from custody in bailable cases, by order of the trial court or of a justice of the appellate court.[1] After trial and conviction the matter of granting bail, as does a supersedeas, rests in the discretion of the trial court or justice of the appellate court to be determined by the evidence and the facts in the case.[2]
The right to fix bail implies the right to modify the order fixing same, but once the amount of bail is fixed, it should not be altered either by increasing or decreasing the amount except for good cause.[3] The power to admit to bail or to modify a bail order upon a showing of good cause is a judicial power which may be exercised only under the circumstances and conditions authorized by the constitution and laws of the state.[4] Such conditions are those set forth in F.S. §§ 903.04, 903.13, and 903.19, F.S.A. which clearly indicate that notice and hearing is a prerequisite for admission to bail or for increase or reduction of bail, and in the case law of this state which holds that even after conviction, the test of reasonableness must be applied in fixing the amount of a supersedeas bond[5] although what might be unreasonable prior to conviction may be considered reasonable after conviction.
By statute, the trial court and any justice of the appellate court has concurrent jurisdiction to set bail pending appeal, but when the trial court has acted in the matter, this court will not entertain another original application to fix or modify bail, although upon appropriate proceedings the reasonableness of bail and the alleged abuses of discretion may be reviewed in this court. In that event adequate evidence must be presented to overcome the presumption of the correctness of the recitals in the decree. The portion of the record submitted to this court fails to show that the trial judge abused his discretion in increasing bail, acted without a showing of good cause or failed to follow the procedure required by statute, so this court is bound by the presumption of correctness of the order increasing bail.
Motion denied.
STURGIS, Acting C.J., and WIGGINTON, J., concur.
NOTES
[1] F.S. § 924.16, F.S.A.
[2] Stalnaker v. State, 126 Fla. 407, 171 So. 226 (1936).
[3] 8 C.J.S. Bail § 51.
[4] Ex parte Hyde, 140 Fla. 494, 192 So. 159, 161 (1939).
[5] Barber v. State, 124 Fla. 694, 169 So. 368 (1936).