ON MOTION TO QUASH
PER CURIAM.
Schack filed a petition for writ of habeas corpus in the lower court and- his petition was denied. He has appealed from this order and the State has filed its motion to quash on the grounds that the appeal is frivolous and taken for purposes of delay.
In his petition for writ of habeas corpus the appellant alleged that on May 20, 1967, he completed serving the sentence which was given him in Case No. 6264, that he requested the Criminal Court of Record, in and for Palm Beach County, to decrease the bail which had been set in that case but that the court refused to honor his request.
A certificate from the Director of the’Division of Corrections shows that appellant did complete his sentence for Case No. 6264 on May 20, 1967. However, he is presently being lawfully detained for purpose of serving the sentence which was imposed in Case No. 62-2607. The judgment in this latter case was affirmed in Schack v; State, 199 So.2d 129 (Fla.App. 4th, 1967). The sentence for that case will terminate on August 25, 1968. At that time appellant is scheduled to begin serving sentence for Case No. 62-2608, which sentence will terminate on November 30, 1969.
Appellant is not entitled to bail after his judgment of conviction has been reviewed in accordance with our appellate procedure and such judgment of conviction has been approved on appeal. Ex parte Hyde et al., 140 Fla. 494, 192 So. 159 (1939). Bail could not be obtained for Case # 6264. Nor is appellant entitled to be released from the State Prison under bail for the sentence which he is presently serving. The purpose of a habeas corpus proceeding is to question the legality of a petitioner’s present deten *825 tion. Hollingshead v. Mayo, 79 So.2d 774 (Fla.1955); Sneed v. Mayo, 69 So.2d 653 (Fla.1954).
It appears from the record that appellant is presently being legally imprisoned and was not entitled to the relief requested by his petition. Therefore, the trial court did not err in denying the petition for writ of habeas corpus. The motion to quash is hereby granted and the appeal is dismissed.
WIGGINTON, C. J., and JOHNSON and SPECTOR, JJ., concur.