SPECTOR, Judge.
Appellant seeks reversal of an order entered by the trial court setting supersedeas bond in the amount of $75,000 during the pendency of his appeal from a conviction on charges of attempted robbery. In consequence of his conviction, appellant was sentenced to serve four years in the state penitentiary.
It is urged by appellant that the trial court abused its discretion in setting the appeal bond at so high a figure. The State parries the appellant’s thrust with the assertion that if the trial court can be said to have abused its discretion in the case at bar, such abuse lay in allowing appellant any supersedeas at all.
*853 It seems to be agreed by both parties that the constitutional entitlement to bail found in Section 9, Declaration of Rights, Florida Constitution of 1885, F.S.A., obtains as a matter of right only prior to an adjudication of guilt. In Ex parte Hyde, 140 Fla. 494, 192 So. 159, the Supreme Court held that while bail is allowable before conviction as a matter of right, thereafter bail is discretionary with the trial court. Referring to the same Section 9 of Declaration of Rights, the court in Stalnaker v. State, 126 Fla. 407, 171 So. 226, observed that “This provision of the Constitution has reference to bail sought prior to indictment and trial.” Thereafter, the court continued, the matter of supersedeas rests in the discretion of the trial court. This longstanding rule developed by judicial decision has been enacted into law by the Legislature and is found in Section 903.01 which reasserts the rule discussed above by providing in material part that “ * * * after conviction bail may be granted at the discretion of either the trial or appellate court.” Rule 1.130, Rules of Criminal Procedure, 33 F.S.A., and Rule 6.15, Florida Appellate Rules, 32 F.S.A., essentially stand for the same proposition. In the text of Appellate Rule 6.15, we find specific reference to the principles against which to measure the exercise of judicial discretion in granting or denying bail on appeal. The rule provides that the courts shall apply the principles enunciated in Younghans v. State, Fla., 90 So.2d 308.
While the Younghans case provides some several standards which might be followed by the trial court in denying or granting bail, we need concern ourselves only with one of them, that is, “ * * * the habits of the individual as to respect for the law.”
The record in the appellant’s case pending appeal on the merits in this case amply demonstrates a gross disrespect for law on appellant's part. Obviously, he is content to live only by the laws that suit him. His habits as to respect for the law are first placed into question by his own admission that in 1940 he was sentenced to imprisonment for 25 years by the federal court. Upon completing approximately 19 years of that term, he was released. Early in the year of his release, apparently under some form of federal parole, he committed the crime of which a Leon County jury recently found him guilty. That same year, he was convicted of a crime in Georgia for which he was imprisoned in that state’s prison system on a sentence of five to eight years. After serving the Georgia term, appellant was returned to the federal authorities for completion of the remainder of his 25 year federal sentence. While in the federal penitentiary in Atlanta, appellant sought disposition of the charges pending against him in Florida or a speedy trial thereon so as to make himself eligible for federal parole again; and there ultimately ensued the trial in which he was convicted, and said conviction is now on appeal in this court in Case No. K-80 which has not yet been decided.
A review of appellant’s infrequent, though lasting, encounters with law enforcement authorities leads one to the conclusion that when measured against the single standard cited above from the Younghans case, the trial judge would have been justified in denying bail on appeal altogether, much less in setting bail at $75,-000, an admittedly substantial amount.
The trial judge’s discretion in applications for appeal bail, though limited by the principles set out in Younghans, supra, is nonetheless broad. In this case, not only has the appellant failed to demonstrate that the trial judge abused his discretion in setting bail in the amount he did, but the State has by setting out appellant’s history reflecting a high degree of lawless conduct shown that the circumstances of this case would have justified denial of bail pending appeal altogether.
Affirmed.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.