300 So.2d 271 (1974)
STATE of Florida ex rel. Kenneth HARRINGTON, Petitioner,
v.
Donald S. GENUNG, Sheriff of Pinellas County, Respondent.
No. 74-647.
District Court of Appeal of Florida, Second District.
August 2, 1974.
Robert E. Jagger, Public Defender, and Paul C. Scherer, Asst. Public Defender, Clearwater, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Petitioner was charged by information with the crimes of robbery, assault with intent to commit robbery and possession of heroin. The petitioner filed a motion to suppress his confession and the evidence. After hearing, the trial court granted petitioner's motion to suppress.
The State thereafter filed a timely notice of interlocutory appeal. Petitioner then made application for release on his own recognizance pursuant to Florida Statute 924.071(2). The trial court on this application entered an order releasing the petitioner on his own recognizance as to the charges of Assault with intent to commit robbery and possession of heroin. *272 However, as to the robbery charge the court set bond in the amount of $20,000.
Petitioner files this petition for writ of habeas corpus alleging that under Florida Statute 924.071(2):
"An appeal by the state from a pretrial order shall stay the case against each defendant upon whose application the order was made until the appeal is determined. If the trial court determines that the evidence, confession, or admission that is the subject of the order would materially assist the state in proving its case against another defendant and that the prosecuting attorney intends to use it for that purpose, the court shall stay the case of that defendant until the appeal is determined. A defendant in custody whose case is stayed either automatically or by order of the court shall be released on his own recognizance pending the appeal if he is charged with a bailable offense." [emphasis added]
the trial court had no discretion as to his entitlement to be released on his own recognizance pending the interlocutory appeal filed by the state.
The trial court, having set a $20,000 bond on the charge of robbery, has determined that robbery in this instance is a bailable offense. Therefore, petitioner falls within Florida Statute 924.071(2).
Our Supreme Court in Ex parte Hyde, 1939, 140 Fla. 494, 192 So. 159, held that generally the power to admit a person charged with a criminal offense to bail is a judicial function. The power to admit to bail being a judicial power, it must be free from encroachment by the legislative branch of government.[1]
In Simmons v. State, 1948, 160 Fla. 626, 36 So.2d 207 our Supreme Court quoted with approval the Supreme Court of Pennsylvania in Becker v. Lebanon & M. St.R. Co., 188 Pa. 484, 41 A. 612, wherein it was stated:
"`The word "shall" when used by the Legislature to prescribe the action of a court is usually a grant of authority, and means "may," and even if it be intended to be mandatory it must be subject to the necessary limitation that a proper case has been made out for the exercise of the power.'" [See also Fagan v. Robbins, 1928, 96 Fla. 91, 100, 117 So. 863, 866.]
The separation of powers of the three branches of government  legislative, executive and judicial  is a constitutional rule upon which our system of government has survived from its inception. It is essential that to safeguard this system the preservation of the inherent powers of the three branches must be free from encroachment or infringement by one upon the other.
We hold that the word "shall" as set forth by the legislature in Florida Statute 924.071(2) must be interpreted as merely directory and not mandatory.
For the foregoing reasons the petition is
Denied.
GRIMES, J., concurs.
McNULTY, J., concurs specially with opinion.
McNULTY, Judge (specially concurring):
I fully concur in the conclusion and opinion of my brother Hobson. However, lest this concurrence gives rise to confusion about my dissent in Bamber v. State (Fla.App.2d, 1974), 300 So.2d 269. I wish to point out the distinguishing features.
In Bamber the question was whether or not the trial court had authority to admit to bail a second or subsequent felony offender, pending appeal of his last felony conviction, in the face of an express statutory *273 prohibition. Here, we are concerned with bail pending an interlocutory appeal, the posture of the case remaining at the pre-conviction stage. Accordingly, if the pending offense is a bailable one as here entitlement to bail is a matter of constitutional right, and no question of power or authority to set bail is involved. The statute before us, then, seeks not to empower or authorize the setting of bail but rather seeks to tell the courts how to exercise such power already theirs. I agree  this is an unwarranted legislative encroachment on a judicial function.
NOTES
[1] See Bernhardt v. State, Fla. 1974, 288 So.2d 490.