360 So.2d 782 (1978)
STATE of Florida, Appellant,
v.
Arthur SHIPMAN and Frederick A. Pierce, Appellees.
No. 77-1493.
District Court of Appeal of Florida, Fourth District.
February 14, 1978.
Rehearing Denied April 4, 1978.
Michael J. Satz, State's Atty., and Patti Englander, Asst. State's Atty., Ft. Lauderdale, for appellant.
Fred Haddad, of Sandstrom & Haddad, Ft. Lauderdale, for appellees.

OPINION ON MOTION
DAUKSCH, Judge.
Appellees have sought our review of an order below setting bond for them pending the state's appeal of an order granting a suppression of evidence.
They complain they are being denied equal protection of the law because they had to post a bond where an indigent person would be released on his own recognizance, without bond. They cite a sentence from Sec. 924.071(2) Florida Statutes (1975) which says:
"A defendant in custody whose case is stayed either automatically or by order of the court shall be released on his own recognizance pending the appeal if he is charged with a bailable offense."
Appellees maintain that because an indigent person is entitled to be released on his own recognizance then they should also be so entitled. In a strict construction of the statute appellees make a most convincing argument. Everyone is entitled to equal protection of the law, not just poor people. However, in State of Florida ex rel. Harrington v. Genung, 300 So.2d 271 (Fla. 2d DCA 1974), it was held the word "shall" in Sec. 924.071(2) means "may" because the legislature does not have the authority to mandate the courts in matters of bail. It was held that the quoted statute is *783 directory rather than mandatory. We agree with the holding in that case for the reasons stated in the opinion. Therefore, an indigent defendant is not always entitled to be released on his own recognizance and can be held in custody if he is unable to post bail, in the sound discretion of the committing magistrate. With that all are given equal protection.
The order is affirmed.
ALDERMAN, C.J., and GREEN, OLIVER L., Associate Judge, concur.