PER CURIAM.
The State seeks to compel the respondent to dissolve a stay of execution and sentences granted by the respondent to two convicted persons.
The defendants were convicted in a non-jury trial and given three-year sentences. On appeal, the convictions were affirmed by this court and certiorari was denied by the Supreme Court of Florida. Soto v. State, 325 So.2d 414 (Fla. 3d DCA 1976), cert, dismissed July 30, 1976, 336 So.2d 1184. The defendants then moved the trial court to mitigate the sentences and the trial court did so.
On the State’s petition for certiorari, this court reviewed the trial court’s order mitigating sentences; quashed same, and reinstated the original three-year sentences on the grounds that the trial court acted after the 60-day time period for such action had elapsed and, thus, lacked jurisdiction over the case. Certiorari was denied by the Supreme Court of Florida. See: State v. Sotto, 348 So.2d 1222 (Fla. 3d DCA 1977); Sotto v. State, 359 So.2d 1219 (Fla.1978). The defendants then moved the trial court for a stay pending review of a petition for habeas corpus by the Federal District Court, and the trial court granted the stay. The State then filed this petition for mandamus to compel the trial judge to comply with this court’s order and execute the sentences.
The State has the right to have the judgment and sentences, which were reinstated by this court, enforced by the trial court, and the trial court has the duty to do so under this court’s mandate. The writ of mandamus will lie to prevent the derogation of this court’s authority. State v. Parks, 99 Fla. 1264, 128 So. 837 (1930); Bishop v. Chillingworth, 114 Fla. 286, 154 *539 So. 254 (1934); Berger v. Leposky, 103 So.2d 628 (Fla.1958). The mandate issued by this court read, in part, as follows:
* * * * * *
“YOU ARE HEREBY COMMANDED that further proceedings be had in accordance with said opinion, the rules adopted by the Supreme Court of Florida and the laws of the State of Florida.”
* * * * * *
A trial judge has no alternative but to obey a mandate of a higher court, unless it is appropriately stayed. The respondent says he has the power to grant a stay of a mandate of this court pursuant to Florida Rules Appellate Procedure 9.310. This reliance is misplaced; a writ of habeas corpus to a Federal court is not a continuance of the original appellate proceeding. He may possess the power to grant a stay if further appellate review is sought in the United States Supreme Court, but not upon an application for habeas corpus which is an original proceeding filed in a Federal Trial court.
The stay issued by the respondent is vacated; set aside with directions to order the incarceration of the original defendants, Anibal Sotto and Joaquin Amor, in accordance with the opinion heretofore issued by this court and reported in State v. Sotto, 348 So.2d 1222 (Fla. 3d DCA 1977).