PEARSON, Judge.
ON PETITION FOR WRIT OF MANDAMUS
We are presented with a motion by the petitioner State of Florida, entitled “Motion for Enforcement of Mandate, or Petition for Writ of Mandamus.” We have considered the matter as a petition for a writ of mandamus, received a response from the respondents, Joseph and Josephina Matras-cia, and heard argument. The facts alleged in the petition, which are not contradicted by the response, are:
“(1) On September 22,1976, in the Circuit Court of the Eleventh Judicial Circuit of Florida, in and for Dade County, Judge Herbert Klein presiding, the defendants JOSEPH MATRASCIA and JOSEPHINA MATRASCIA were found guilty of receiving stolen goods, and of obstructing the service of a search warrant, in violation of Florida Statutes § 812.031(1) and 933.15, respectively.
“(2) Upon an appeal by the defendants to the Third District Court of Appeal, this court affirmed the lower court’s judgment and the mandate issued from this Court on August 23, 1977.
“(3) The defendants then petitioned the Supreme Court of Florida for a Writ of Certiorari, which was denied on May 10, 1978, and on July 31, 1978, their motion for rehearing was also denied. At this point, the direct appellate process had been completed.
“(4) The defendants then filed a Motion to Vacate pursuant to Fla.R.Crim.P. 3.850. A hearing on this motion was held on June 7,1979, and it was denied on July 6, 1979. On August 29, 1979, over objection by the State, bail was granted to both defendants on this same date to permit them to take an appeal from the trial court’s denial of their Motion to Vacate. Judge Klein, admittedly unsure as to whether or not it was proper for him to grant bail pending such a collateral appeal, said that he would instead stay execution of defendants’ sentences, conditioned upon their posting bond.”
The Matrascias’ response urges that Florida Rule of Criminal Procedure 3.810 specifically recognizes the inherent power of the trial court to suspend or stay the execution *MLXXVIII of its sentence. This was the procedure followed by the court in the case at bar. In addition, at oral argument, the respondents relied upon the provisions of Florida Rule of Appellate Procedure 9.310 and a claimed inherent power of a trial court to stay temporarily the execution of its own sentences.
We hold that the trial judge has exceeded his authority in granting to the respondents a stay of execution of their sentences conditioned upon their posting bond, after denial of their motions filed pursuant to Florida Rule of Criminal Procedure 3.850. We rely upon the decision of the Supreme Court of Florida in Ex Parte Hyde, 140 Fla. 494, 192 So. 159 (1939), the opinion of this court in Reno v. Baker, 364 So.2d 538 (Fla.3d DCA 1978), and the various holdings of the courts of this state that a defendant is not “entitled” to bail pending his appeal from the denial of a motion filed pursuant to Florida Rule of Criminal Procedure 3.850. See Simmons v. State, 163 So.2d 888 (Fla.2d DCA 1964); and Gammage v. State, 154 So.2d 712 (Fla.3d DCA 1963).
In Ex Parte Hyde, 140 Fla. 494, 192 So. 159 (1939), the Supreme Court made clear that bail after conviction of a crime is allowable only in cases where bail is provided by statute or according to some provision of the common law. In that case, the Supreme Court, in considering a petition for habeas corpus, which claimed a right to bail after the judgment of conviction and the affirmance of the judgment by that court, stated:
“We have no statute providing for allowance of bail after the judgment of conviction has been affirmed by this court and petition for rehearing denied. And there was no such right at common law. Our conclusion therefore is that under the facts in this case, as set forth in the petition for habeas corpus, neither this court, nor any other court of this State, is vested with jurisdiction or power to allow and fix bail.”
It is clear that the right to apply for relief pursuant to Florida Rule of Criminal Procedure 3.850 is a change of procedure for the assertion of rights already existing in this State, but which were formerly exercised by a petition for writ of habeas corpus. The rule itself states:
“(e) * * *
“An appeal may be taken to the appropriate appellate court from the order entered on the motion as from a final judgment on application for writ of habeas corpus. * * *
“An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.”
See also Roy v. Wainwright, 151 So.2d 825 (Fla.1963); State v. Weeks, 166 So.2d 892, 897 (Fla.1964); and State v. Gomez, 363 So.2d 624, 626-627 (Fla.3d DCA 1978).
It has been uniformly held that upon denial of a petition for writ of habeas corpus in the trial court, there is no entitlement to bail pending the prisoner’s appeal of the denial of the petition. See Ex Parte Hyde, supra; and Schack v. State, 202 So.2d 824 (Fla. 1st DCA 1967). See also Hoskins v. State, 217 So.2d 852 (Fla.1st DCA 1969); and annot. 143 ALR 1354, 1358-1359 (1943). In this connection, the provisions of Florida Rule of Criminal Procedure 3.820 provide:
“(a) When a defendant has been sentenced, and is actually serving his sentence, and has not appealed from the judgment or sentence, but seeks his release from imprisonment by habeas corpus proceedings, and the writ has been discharged after it has been issued, the custody of the prisoner shall not be disturbed, pending a review of the appellate court.”
The identical result reached in this case was reached by this court in the case of Reno v. Baker, 364 So.2d 538 (Fla.3d DCA 1978), where the defendants, who were convicted of crimes in the trial court, appealed their convictions, which were affirmed by *MLXXIX this court. The defendants then moved in the trial court to mitigate the sentences, and upon petition for a writ of certiorari from the granting of the motion, this court quashed the mitigation. Next, the defendants moved in the trial court for a stay pending review of a petition for habeas corpus by the United States District Court, and the trial court granted the stay. Upon petition for a writ of mandamus in this court, we held:
“A trial judge has no alternative but to obey a mandate of a higher court, unless it is appropriately stayed. The respondent says he has the power to grant a stay of a mandate of this court pursuant to Florida Rules Appellate Procedure 9.310. This reliance is misplaced; a writ of habeas corpus to a Federal court is not a continuance of the original appellate proceeding. He may possess the power to grant a stay if further appellate review is sought in the United States Supreme Court, but not upon an application for habeas corpus which is an original proceeding filed in a Federal Trial court.”
The respondents’ reliance upon Florida Rule of Criminal Procedure 3.810, as authority for a trial judge to stay the execution of a judgment of this court, is misplaced. The rule[1] is a general statement of procedures when a sentence is to be executed. We do not construe the reference to . . unless the execution of the sentence is suspended or stayed . . ” as a grant of authority to stay any sentence. Of course, it has not been so construed in the past as evidenced by the many cases holding, without a discussion of a possible abuse of discretion, that a defendant is not entitled to a stay upon appeal of the court’s denial of collateral relief.
In a like manner, we find nothing in Florida Rule of Appellate Procedure 9.310 which sets out the methodology for a stay pending review, to support the respondents’ position.
Having reached the conclusion that the trial judge exceeded his authority, we direct the order granting the respondents a stay to be vacated and the trial court to proceed immediately to execute the judgment of this court as previously set forth in our mandate. Acting upon a firm belief that the trial court will comply with these directions, we withhold the issuance of the writ pending a response of such compliance.
It is so ordered.

. Rule 3.810. Commitment of Defendant; Duty of Sheriff
Upon pronouncement of a sentence imposing a penalty other than a fine only or death, the court shall, unless the execution of the sentence is suspended or stayed, and, in such case, upon termination of the suspension or stay, forthwith commit the defendant to the custody of the sheriff under a commitment to which shall be attached a certified copy of the sentence and, unless both are contained in the same instrument if the sentence be to imprisonment in the state prison, a certified copy of the judgment of conviction and a certified copy of the indictment or information, and the sheriff shall thereupon, within a reasonable time, if he is not the proper official to execute the sentence, transfer the defendant, together with the commitment and attached certified copies, to the custody of the official whose duty it is to execute the sentence, and shall take from such person a receipt for the defendant and make a return thereof to the court.