PER CURIAM.
Christian Fontana petitions this court for a writ of habeas corpus. We deny the petition, but certify this case to the Florida Supreme Court as involving a question of great public importance.
Fontana was arrested and charged with two counts of engaging in sexual activity with a child.[1] Unable to post the $50,000 bond required by the trial court, Fontana has remained in custody pending the outcome of the case. On September 16,1993, the circuit court granted Fontana’s motion to dismiss the charges, agreeing that the statute of limitations had expired. The state has appealed the dismissal, and in connection with that appeal moved to continue Fontana’s bond. Although the circuit court reduced the bond to $7,500, Fontana takes the position that he is entitled to release on his own recognizance pending the state appeal. His argument appears to be grounded, at least in part, in the following language from section 924.071(2), Florida Statutes (1991):
An appeal by the state from a pretrial order shall stay the case against each defendant upon whose application the order was made until the appeal is determined. ... A defendant in custody whose case is stayed either automatically or by order of the court shall be released on his own recognizance pending the appeal if he is charged with a bailable offense.
(Emphasis supplied.)
Hdwever, in State ex rel. Harrington v. Genung, 300 So.2d 271 (Fla.2d DCA 1974), this court concluded that the mandatory language of section 924.071(2), if enforced literally, would constitute legislative intrusion into the judicial function of setting bail. Because the legislature can delineate the categories of persons eligible for bail, this court interpreted the statute as authorizing courts to consider bail in this situation. This interpretation is reflected in the wording of the analogous rule of procedure, Florida Rule of *1142 Appellate Procedure 9.140(e)(2), which states:
(2) Appeal by State. An incarcerated defendant charged with a bailable offense shall on motion be released on the defendant’s own recognizance pending an appeal by the state, unless the lower tribunal for good cause stated in an order determines otherwise.
(Emphasis supplied.)
In determining that Fontana should not be released on recognizance, the circuit court made several findings, the sufficiency of which is not contested in the petition. Thus we are not prepared to say the court lacked “good cause” for continuing Fontana on bail. Nevertheless, Fontana argues that the circuit court lacked discretion to require the posting of bail because this case, unlike State v. Genung and State v. Shipman, 360 So.2d 782 (Fla. 4th DCA), cert, denied, 361 So.2d 835 (Fla.1978) (which followed Genung), involves the dismissal of charges rather than the suppression of evidence. He asks us instead to look to Florida Rule of Criminal Procedure 3.190(e):
(e) Effect of Sustaining a Motion to Dismiss. If the motion to dismiss is sustained, the court may order that the defendant be held in custody or admitted to bail for a reasonable specified time pending the filing of a new indictment or information. If a new indictment or information is not filed within the time specified in the order, or within such additional time as the court may allow for good cause shown, the defendant, if in custody, shall be discharged therefrom, unless some other charge justifies a continuation in custody.
(Emphasis supplied.)
As with the other rules and statutes discussed in this opinion, there appear to be virtually no cases interpreting this provision. One, State v. Lampley, 271 So.2d 783 (Fla. 3d DCA 1973), primarily concerns the next sentence in the rule (dealing with exoneration of sureties) but does suggest that the court may continue bond only upon motion by the state and only for a temporary period. Rule 3.190(e) does not, however, indicate what is to be done if the state appeals.[2] Appellate rule 9.140(e)(2) is the only rule precisely governing bail in state appeals, and appears to cover all authorized state appeals including appeals from orders “dismissing an indictment or information or any count thereof.” Fla.R.App.P. 9.140(c)(1)(A).[3] Accordingly, we conclude that the circuit court acted within its authority in declining to release Fontana on his own recognizance. We certify the following question to the Florida Supreme Court as being one of great public importance:
WHEN A TRIAL COURT HAS DISMISSED CRIMINAL CHARGES, AND THE STATE TAKES AN APPEAL FROM THE ORDER OF DISMISSAL, IS THE TRIAL COURT AUTHORIZED TO CONTINUE THE DEFENDANT ON BOND PENDING THE STATE APPEAL, UPON A SHOWING OF GOOD CAUSE, OR MUST THE DEFENDANT BE RELEASED ON RECOGNIZANCE?
Petition denied; question certified.
DANAHY, A.C.J., and SCHOONOVER and THREADGILL, JJ., concur.

. § 794.041, Fla.Stat. (1991).

. In the present case it may be impossible to refile the information to cure the problem that occasioned the dismissal — unlike, e.g., an information which is dismissed because it fails to allege a crime.

. Court rules are to be construed in much the same manner as statutes. Syndicate Properties, Inc. v. Hotel Floridian Co., 94 Fla. 899, 114 So. 441 (1927). Assuming rules 3.190(e) and 9.140(e)(2) are irreconcilable — and we do not suggest they are — the more specific provision (dealing with bond in the event the state appeals an order dismissing charges) would prevail over the more general (dealing with custody of the defendant after dismissal of charges). See generally Adams v. Culver, 111 So.2d 665 (Fla.1959).