644 So.2d 502 (1994)
Christian FONTANA, Petitioner,
v.
Everett RICE, Sheriff, Pinellas County, Florida, Respondent.
No. 82690.
Supreme Court of Florida.
October 27, 1994.
Robert E. Jagger, Public Defender, and James J. Armington, Asst. Public Defender, Clearwater, for petitioner.
Robert A. Butterworth, Atty. Gen., and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for respondent.
WELLS, Justice.
We have for review a decision of the district court which certified the following question to be of great public importance:
WHEN A TRIAL COURT HAS DISMISSED CRIMINAL CHARGES AND THE STATE TAKES AN APPEAL FROM THE ORDER OF DISMISSAL, IS THE TRIAL COURT AUTHORIZED TO CONTINUE THE DEFENDANT ON BOND PENDING THE STATE APPEAL, UPON A SHOWING OF GOOD CAUSE, OR MUST THE DEFENDANT BE RELEASED ON RECOGNIZANCE?
Fontana v. Rice, 630 So.2d 1141 (Fla. 2d DCA 1993). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We conclude that Florida Rule of Criminal Procedure 3.190(e) is the appropriate rule of procedure to apply in answering this question. We hold that a defendant must be released in accord with rule 3.190(e) when a trial court has dismissed all criminal charges and no new indictment or information is filed against the defendant. This rule applies even if the State appeals the dismissal unless some other charge justifies a continuation of custody.
In this case, Fontana was charged with two counts of engaging in sexual activity with *503 a child, and bond was set at $50,000. On September 16, 1993, the circuit court granted Fontana's motion to dismiss the charges because the statute of limitations barred the State's claim against him. The State appealed the dismissal and moved to continue Fontana's bond. The circuit court granted the State's motion to continue the bond, making several findings, but reduced the bond amount to $7,500.
Fontana filed a habeas corpus petition with the Second District Court of Appeal requesting to be released on recognizance pending the State's appeal. The district court found the habeas petition to be grounded at least in part on section 924.071(2), Florida Statutes (1991).[1] The district court stated that it was not prepared to hold that the circuit court lacked "good cause" for continuing Fontana on bail. Fontana, 630 So.2d at 1142. The district court denied the habeas petition, declining to release Fontana on his own recognizance.
The district court cited State ex rel. Harrington v. Genung, 300 So.2d 271 (Fla. 2d DCA 1974), concluding that even if section 924.071, Florida Statutes, was applicable, the courts are authorized to consider bail in this situation. The district court reasoned that Florida Rule of Appellate Procedure 9.140(e)(2)[2] was the applicable procedural rule and held, pursuant to the rule, that Fontana could be continued on bond for good cause.
We hold that section 924.071(2) does not apply to this appeal. Section 924.071(2) applies only to appeals by the State from pretrial orders dismissing a search warrant or suppressing evidence. The pretrial order which was the subject of the appeal was not a pretrial order dismissing a search warrant or suppressing evidence. Therefore, the petition's reliance on section 924.071(2) was erroneous.
We also hold that Florida Rule of Appellate Procedure 9.140(e)(2) does not apply here. That rule pertains only when the defendant is charged with a bailable offense. In Fontana's situation, at the time the State took the appeal, there was no charge pending against him. Accordingly, the rule does not apply.
In sum, the applicable rule here is 3.190(e) of the Florida Rules of Criminal Procedure. The rule states in part:
If the motion to dismiss is sustained, the court may order that the Defendant be held in custody or admitted to bail for a reasonable specified time pending the filing of a new indictment or information. If a new indictment or information is not filed within the time specified in the order, or within such additional time as the court may allow for good cause shown, the defendant, if in custody, shall be discharged therefrom, unless some other charge justifies a continuation in custody.
In this case, no new information was filed. The language of this rule is clear and requires that the defendant be discharged from custody. Therefore, the decision of the district court is quashed and the case is remanded with instructions for further proceedings in accordance with this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
NOTES
[1] Section 924.071(2) states:

An appeal by the state from a pretrial order shall stay the case against each defendant upon whose application the order was made until the appeal is determined. If the trial court determines that the evidence, confession, or admission that is the subject of the order would materially assist the state in proving its case against another defendant and that the prosecuting attorney intends to use it for that purpose, the court shall stay the case of that defendant until the appeal is determined. A defendant in custody whose case is stayed either automatically or by order of the court shall be released on his own recognizance pending the appeal if he is charged with a bailable offense.
[2] The rule states:

Appeal by state. An incarcerated defendant charged with a bailable offense shall on motion be released on the defendant's own recognizance pending an appeal by the state, unless the lower tribunal for good cause stated in an order determines otherwise.