THE STATE OF FLORIDA, *Appellant*, v. M. V. SIMPSON, CHAIRMAN, AND W. H. RICHEY, C. B. TREADWAY, MANUEL SLOAN AND W. T. YANCEY, CONSTITUTING THE BOARD OF COUNTY COMMISSIONERS OF LAKE COUNTY, FLORIDA, FOR AND ON BEHALF OF SPECIAL ROAD & BRIDGE DISTRICT NUMBER TWELVE OF LAKE COUNTY, FLORIDA, *Appellees.*

En Banc.

Opinion Filed October 27, 1927.

*J. W. Hunter,* Attorney for Appellant;

*Geo. F. Westbrook,* Attorney for Appellees.

BUFORD, J.—This is an appeal by the State of Florida in a suit brought by the appellees to validate and confirm a bond issue in the sum of $200,000.00 by the Board of County Commissioners of Lake County, Florida, for and on behalf of Special Road and Bridge District No. 12 of Lake County. The appeal is from a final order and decree made and entered on the 6th day of September, 1927, by the Circuit Judge validating and confirming the bonds.

The appellant assigns one error, which is as follows:

"The Court erred in and by its order and final decree made and entered September 6th, 1927, validating and confirming the bonds mentioned in the petitioners petition."

It appears from the record that the Board of County Commissioners sought to issue bonds under the provisions of Chapter No. 11593, Laws of Florida, Acts of the Special Session of 1925, and acted under no other authority.

An examination of the contents of Chapter No. 11593, Laws of Florida, discloses that said Act falls short of creating and establishing a road and bridge district of the territory described in the Act and only by inference aided by what appears in the title of the Act, may it be assumed that such was the result sought to be attained by the enactment of that chapter.

The Act referred to is silent as to the manner or method which shall or may be adopted by the Board of County Commissioners in determining whether or not the bonds shall be issued. Section 3 of the Act in part reads as follows:

"In the event the issuance, sale and delivery of said bonds is authorized, said bonds shall bear interest at a rate not to exceed six per cent (6%) per annum, payable semi-annually, and said bonds shall mature not more than thirty (30) years after date; to create a sinking fund sufficient

for the payment of principal and interest of said bonds, the said Board of County Commissioners of Lake County, Florida, shall cause to be assessed and collected annually an unlimited tax upon all taxable property in said Special Road and Bridge District hereby created.''

This shows that it was the legislative intent that the issuance and delivery of the bonds shall be authorized in some manner beyond that authority embodied in that Act of the Legislature.

Section 4 of the Act provides as follows:

''Where not otherwise provided by this Act, the provisions of the Revised General Statutes of the State of Florida relative to the issuance, sale and delivery of bonds in behalf of special road and bridge districts shall apply.''

There appears to have been no attempt to pursue the course directed by the provisions of the Revised General Statutes of Florida relative to the issuance, sale and delivery of the bonds in this case.

This Court in the City of St. Petersburg et al. v. Pinellas County Power Company, 87 Fla. 315, say:

''The legal presumption is that the Legislature did not intend to keep really contradictory enactments in the statute book, or to effect so important a measure as the repeal of a law without expressing an intent to do so. An interpretation leading to such a result should not be adopted unless it be inevitable. The rule of construction is such cases is that if the courts can by any fair, strict or liberal construction find for the two provisions a reasonable field of operation, without destroying their evident intent and meaning, preserving the force of both, and construing them together in harmony with the whole course of legislation, it is their duty to do so.''

The rule thus stated properly controls in the instant

case and the decree validating and confirming the bond issue should be reversed and it is so ordered.

Reversed.

ELLIS, C. J., AND WHITFIELD, STRUM AND BROWN, J. J., concur.

TERRELL, J., dissents.