103 So.2d 233 (1958)
Peter C. DE CONINGH, Petitioner,
v.
CITY OF DAYTONA BEACH, a Municipal Corporation, Respondent.
No. A-269.
District Court of Appeal of Florida. First District.
May 22, 1958.
*235 Millard B. Conklin, Daytona Beach, for petitioner.
W. Warren Cole, Jr., Daytona Beach, for respondent.
WIGGINTON, Judge.
We are here petitioned for certiorari to review an order of the Circuit Court of Volusia County dismissing petitioner's appeal from three judgments of conviction and sentence entered by the Municipal Court of the City of Daytona Beach.
Petitioner was convicted in the municipal court on separate affidavits charging him with speeding, reckless driving, and disobeying the instruction of a traffic control signal, respectively. Fines were imposed on each conviction and petitioner's driver's license was suspended for a period of thirty days. Appeal was taken to the Circuit Court and the Municipal Court was moved to grant supersedeas and set the conditions and amount of petitioner's bond in accordance with F.S. § 932.52, F.S.A. The trial court's judgments of conviction, and its order granting supersedeas only as to the fines imposed were subsequently affirmed.
Petitioner here asserts error by the appellate circuit court in affirming the municipal court's judgment in that (1) the affidavits failed to charge any offense under the ordinances of the city; (2) the sentence suspending his driver's license in addition to the imposition of a fine was without authority of law; and (3) it was error to grant supersedeas only as to the fines, but to deny it as to that portion of the sentence suspending petitioner's driver's license. We have carefully considered the first two points, but find them to be without merit. Our consideration is therefore confined to petitioner's third point dealing with the trial court's order granting supersedeas only as to a part of the judgment and sentence from which appeal was taken. The appeals herein, having been perfected prior to July 1, 1957, are unaffected by the present Appellate Rules governing criminal appeals.
While we are fully aware of the merit in respondent's contention that the question of the suspension itself has become moot, we nevertheless feel that it is of sufficient importance to warrant consideration.
In its order granting partial supersedeas the municipal court reasoned that "even on the municipal level admission to bail, after conviction, is not a matter of right but rests in the sound judicial discretion of the trial court." In support of *236 this position the court cited Section 9 of the Declaration of Rights, Florida Constitution, F.S.A. and F.S. § 903.01 F.S.A. The cited constitutional section provides merely that all persons shall be bailable by sufficient sureties except for capital offenses where the proof is evident or the presumption great, and has no application to a defendant's right to bail after the entry of a judgment of conviction.[1] Section 903.01, F.S., F.S.A., is a general procedural statute, enacted subsequent to F.S. § 932.52, F.S.A., which permits a reasonable discretion by trial courts in the matter of granting supersedeas or bail pending an appeal. Such discretion is to be exercised in accordance with the criteria established by our Supreme Court in Younghans v. State.[2] If F.S. § 903.01, F.S.A., is to be given the effect of repealing F.S. § 932.52, F.S.A., then the ruling of the municipal court would be correct. Such, we believe, is not the case.
While it is a "well settled rule of construction that the last expression of the legislative will is the law in cases of conflicting provisions in the same statute or in different statutes the last in point of time or order of arrangement prevails;"[3] it is equally well established that "repeals by implication are disfavored and in order to declare that one statute repeals another by implication it must appear that there is positive repugnancy between the two, or that the latter was clearly intended to prescribe the only rule which should govern the case to which it is applicable, or that it revises the subject-matter of the former."[4] Also, "the legal presumption is that the legislature did not intend to keep really contradictory enactments in the statute book, or to effect so important a measure as the repeal of a law without expressing an intent to do so."[5] Since there appears to be no direct conflict or absolute repugnancy between the two statutes here in question, the specific (F.S. § 932.52, F.S.A.) must be held to control supersedeas on appeal from municipal courts, rather than the general statute (F.S. § 903.01, F.S.A.), which is applicable to trial courts of record. Therefore, the sole remaining question concerns whether the specific statute controlling appeals from the municipal courts of this state vests discretion in such courts as to supersedeas.
Section 932.52, F.S.A., provides that:
"(1) Any person convicted of any offense in any municipal court of this state may appeal from the judgment of such court * * *
* * * * * *
"(16) Appellant shall enter into a bond in double amount of the fine and costs assessed or if the judgment be one of imprisonment for a term in the jail of said municipality, then the bond shall be in an amount sufficient to cover all costs * * *, plus not less than ten nor more than two hundred dollars additional in the discretion of the municipal judge * * * When the bond is entered into and filed with the clerk of the circuit court, it shall operate as a supersedeas * * *" (Emphasis supplied.)
It is clear from the foregoing statutory provisions that appeal from a judgment entered by any municipal court of this state may be taken as a matter of right. There is nothing in the language of this statute which vests the municipal court with any discretion other than to fix the amount of the bond to be furnished *237 by the appellant, and this only within prescribed limits.
In Austin v. Town of Oviedo[6], our Supreme Court, speaking through Mr. Justice Thornal, said: "The authorities above cited lead us to the conclusion that the provisions of Section 932.52(16), Florida Statutes, F.S.A., are reasonable legislative requirements governing the method by which an appeal may be perfected from a municipal court to the circuit court. It is noted that similar to the early Florida cases the effect of the statute is that when an appeal is properly perfected by the filing of a bond, it automatically operates as a supersedeas." (Emphasis supplied.)
In Lockleer v. City of West Palm Beach[7] our Supreme Court, through Mr. Justice Terrell, held that "When the appellant moves for a stay or supersedeas under Rule 35(a) the Circuit Court has no discretion to limit the appeal to any one phase or different phases of the order appealed from. He may exercise his discretion in fixing the amount and condition of the bond but when made and posted it supersedes the decree appealed from in toto." While we recognize that this principle was pronounced in a civil action, we fail to perceive any valid reason for a contrary rule in a criminal action when the appeal is taken from a municipal court as a matter of right, and the governing statute accords no discretion in the matter of granting or denying supersedeas.
We therefore hold that the filing of a bond according to the provisions of F.S. § 932.52(16), F.S.A., in appeals from judgments entered by municipal courts of this state, operates to supersede the entire judgment from which the appeal is taken. The only discretion vested in the municipal court with respect to supersedeas lies in fixing the amount of the bond within the limits prescribed by the statute when the judgment is one of imprisonment for a term in the city's jail. Having no discretion respecting a defendant's right to supersedeas, municipal courts are without authority to deny supersedeas with respect to any part of a judgment from which appeal is perfected.
Certiorari is therefore granted and that portion of the appellate circuit court's order affirming the municipal court's denial of supersedeas as to a part of the judgment from which appeal was taken is hereby quashed.
STURGIS, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] Ex parte Hyde, 140 Fla. 494, 192 So. 159; Stalnaker v. State, 126 Fla. 407, 171 So. 226; Ex parte McDaniel, 86 Fla. 145, 97 So. 317.
[2] Fla. 1956, 90 So.2d 308.
[3] Johnson v. State, 157 Fla. 685, 27 So.2d 276, 282.
[4] City of St. Petersburg v. Pinellas County Power Co., 87 Fla. 315, 100 So. 509, 510.
[5] State v. Simpson, 94 Fla. 789, 114 So. 542.
[6] Fla. 1947, 92 So.2d 648, 650.
[7] Fla. 1951, 50 So.2d 348, 349.