295 So.2d 297 (1974)
H.S. ALBURY, Etc., et al., Petitioners,
v.
CITY OF JACKSONVILLE BEACH et al., Respondents.
H.S. Albury, Etc., et al., Appellants,
v.
CITY OF JACKSONVILLE BEACH et al., Appellees.
Nos. 44660, 44710.
Supreme Court of Florida.
May 29, 1974.
*298 T. Edward Austin and Daniel U. Livermore, Jr., Jacksonville, for petitioners-appellants.
Stephen Stratford, Jacksonville, for City of Jacksonville Beach.
Oliver C. Ball, Jacksonville, for City of Atlantic Beach.
Joseph M. Glickstein, Jr., Jacksonville, for City of Neptune Beach.
M.S. Dunay, Jacksonville, for Town of Baldwin.
BOYD, Justice.
This is an appeal from an opinion and order of the District Court of Appeal, *299 First District, (Case No. S-448, opinion filed November 8, 1973, not yet reported). We have jurisdiction by virtue of Article V, Section 3(b)(1).
Plaintiffs, Beaches and Baldwin, in their amended complaint, sought a declaration as to their legal status and relationship to the Defendant-City under the new charter adopted in 1967. Further, Beaches and Baldwin sought to determine whether they might levy municipal occupational license taxes on persons engaging in occupations in their jurisdictions, as well as whether they have a right to receive directly from the state and federal agencies revenues designated under general law to be distributed to municipalities. In the Consolidated Government's counterclaim, it and its Tax Collector sought different declarations as to many of the same points, plus further judicial clarification of its authority to enact ordinances pre-empting ordinances of the Beaches and Baldwin. The trial court granted substantially the relief sought by the Consolidated Government, holding the Beaches and Baldwin to subordinate urban services districts and no longer entitled to levy occupational license taxes or to otherwise assert legal standing as incorporated municipalities. On appeal, the District Court of Appeal, First District, reversed on the authority of this Court's opinion in Jackson v. Consolidated Government of the City of Jacksonville, 225 So.2d 497 (Fla. 1969); it held that the Beaches and Baldwin continue to exist as quasi-municipal corporations; that, as such, they are empowered to exercise all municipal functions which they were permitted to perform under their original municipal charters and the general laws of the State immediately prior to consolidation; and, that they are corporate entities having the same rights as duly constituted municipal corporations to share in, receive, and expend revenues allocable to municipal corporations by both the federal and state governments. We agree.
An examination of pertinent legislative history shows that, prior to 1967, the Plaintiffs were created by special acts of the Legislature in accordance with the existing constitution. In 1967, pursuant to the constitutional authority vested in the Legislature by Article VIII, Sections 8 and 9, the Legislature adopted Chapter 67-1320, Laws of Florida, 1967, by which the present City of Jacksonville was created. Four days later another statute (Chapter 67-1535, Laws of Florida, 1967) was introduced which altered materially the original charter act; this amendatory act was passed by the Legislature. Thereafter, there was passed Chapter 67-1547, Laws of Florida, 1967, also amending the basic act. All three acts, which together comprise the present charter of the consolidated City of Jacksonville, were subject to a referendum held in Duval County and were approved.
According to the original act, Chapter 67-1320, a single government was created (Section 1.01) which had any and all powers of the cities, county, or any former government (Section 3.01) including the power to levy occupational license tax (Section 3.02). By the terms of Chapter 67-1320, the corporate municipal structures of the Beaches and Baldwin were effectively abolished, becoming a part of urban services districts whose sole function was to act in accordance with such power and authority as might be delegated to them by the Consolidated Government for convenience in administering municipal functions. Under Chapter 67-1320, the Consolidated Government was empowered to levy both an occupational license tax against all businesses and professions in the county in the exercise of its county function, and to levy a second occupational license tax against all businesses and professions operating within the urban services districts of the City in the exercise of its municipal function. Since there is no authority in Chapter 67-1320 for the urban services districts to levy or collect occupational license taxes, if there had been no amendments to that chapter, it would be clear that only the Consolidated Government would be entitled to levy occupational license taxes against businesses and professions operating in the county at large and in the urban services districts.
*300 We note, however, that Chapter 67-1535 was enacted within days after the original charter act. This act effectively restored to the Beaches and Baldwin the powers which the first act took away. Since it was adopted by the Legislature subsequent to the prior act divesting them of authority, and since the last expression of the Legislature will prevail in cases of conflicting statutes,[1] and since all three were approved by referendum, the modifications became effective simultaneously with the original act. Therefore, we must conclude that the intent of the Legislature and the people was to preserve the powers formerly granted to the municipal governments of the Beaches and Baldwin including the power to tax and authority to receive federal and state grants.
This Court has held in Jackson, supra, that the legislative intent was to preserve the smaller governmental entities of the Beaches and Baldwin as quasi-municipalities. If that is not what the people and the Legislature intended or presently desire, appropriate changes should be made by them and not by this Court.
Concerning the authority of the consolidated government to collect occupational license taxes in the quasi-municipalities, we observe that the opinion of the District Court of Appeal herein reviewed correctly finds each quasi-municipality to be authorized to collect such a tax. No challenge is made against payment of a county-wide occupational tax to what was formerly Duval County. The record and admissions of counsel show that business and professional persons in other parts of old Duval County are now required by ordinance to pay two license taxes, one being a municipal tax paid to the Consolidated Government and the other being to the same entity of government in place of the old Duval County occupational license.
A careful examination of the Constitution and Statutes of Florida leads us to the conclusion that whenever any one of the small quasi-municipalities is collecting occupational license taxes, the consolidated government can collect only that tax which would have been payable to old Duval County had consolidation never occurred.
To require business and professional persons in the small quasi-municipalities to pay three such license taxes (one to the quasi-municipality and two to the Consolidated Government  one "county" and one "municipal"), while their neighbors would pay only the latter two, would be unconstitutionally discriminatory and a denial of due process of law unless it should be clearly shown that a higher quality of governmental services was being furnished them than in other parts of the Consolidated Government. No such justification is shown by this record.
Accordingly, we affirm the decision of the District Court of Appeal, and since the case is disposed of as an appeal, the petition for certiorari is denied.
It is so ordered.
ADKINS, C.J., and ERVIN, McCAIN, DEKLE and OVERTON, JJ., concur.
ROBERTS, J., specially concurring with opinion.
ROBERTS, Justice (specially concurring).
The history, factual background, questions presented and disposition are clearly set out in the opinion of the District Court. Argument having been heard and the court having considered the records and briefs, it is my opinion that the ruling of the District Court is correct and should be adopted as the opinion of this Court.
Accordingly, I would agree to the judgment only of this Court affirming the decision of the District Court.
NOTES
[1] DeConingh v. City of Daytona Beach, 103 So.2d 233 (Fla.App. 1958).