SUMMARY: Under ss. 125.31 and 28.33, F.S., the board of county commissioners may provide, by resolution, for the investment of surplus county funds by the circuit court clerk with the interest on such investments to be credited either as income of the clerk's office or to a particular fund of the county, as directed by the board. Under Ch. 75-110, Laws of Florida, any moneys collected by the circuit court clerk on behalf of and subject to subsequent distribution to the county or any other officer of state or local government as prescribed by s. 219.07, F.S., may be invested by the clerk prior to distribution and the interest on such investments must be credited to the account of and paid to the county or other distributee, together with the principal on which such earnings accrued. This is in response to your request for clarification of my opinion in AGO 075-241 relating to the investment of county funds by the circuit court clerk under the authority of s. 28.33, F.S. (Ch. 73-282, Laws of Florida). In that opinion I concluded that the Legislature intended to preserve to the county commissioners the right to provide, by resolution, for the investment of surplus county funds in obligations of the United States Government or in savings accounts in state and federal savings and loan associations under ss. 125.31 and 665.321, F.S., respectively; and that when so specified by the county commissioners, the clerk would be required to carry out the directive of the county commissioners in that respect. That opinion further concluded that, in the absence of a directive in s. 125.31 as to the disposition of the income from investments directed to be made by resolution of the county commissioners, and in light of the express mandate in, and pursuant to, s. 28.33, F.S., the income from all such investments — whether directed by the county commissioners or made upon the clerk's own initiative — should be deposited in the same accounts as are other fees and commissions of the clerk's office under s. 28.33. There was no intention, however, to hold that the county commissioners are required by s. 28.33, supra, to turn over to the circuit court clerk the responsibility for investing surplus county funds. On the contrary, it was concluded, under the rules of construction referred to therein, that the Legislature intended to preserve to the county commissioners the right to provide by resolution for the investment of surplus county funds "in their control or possession" in obligations of the federal government or in savings accounts in state and federal savings and loan associations, as authorized by ss. 125.31 and 665.321, supra. Thus, the county commissioners may, by appropriate resolution, delegate to the circuit court clerk the responsibility for investing all or a portion of the county's surplus funds with the income therefrom to accrue initially to the clerk as income of his office; or they may, by appropriate resolution, provide for the investment of designated surplus funds in designated federal obligations or interest-bearing accounts, with the interest therefrom to accrue to the county as income. This interpretation gives effect to the several statutes, ss. 125.31, 665.321, and 28.33, in accordance with the rule of statutory construction referred to in AGO 075-241 as to implied repeals. It might be noted, also, that Ch. 75-110, Laws of Florida (s. 125.315, F.S.), effective July 1, 1975, relating to the investment of revenue by county officials and authorizing them to invest any moneys by them collected, provides that Except where another procedure is prescribed by law or by ordinance as to particular funds, a tax collector and any other county officer having, receiving or collecting any money either for his office or on behalf of and subject to subsequent distribution to another officer of state or local government, while such money is surplus to current needs of his office or is pending distribution, may invest such money, without limitation, in bonds, notes, or other obligations of the United States or those guaranteed by the United States or for which the credit of the United States is pledged . . . . These investments shall be planned so as not to slow the normal distribution of the subject funds. The investment earnings shall be reasonably apportioned and allocated and shall be credited to the account of and paid to the office or distributee together with the principal on which such earnings accrued. (Emphasis supplied.) Even assuming, arguendo, that s. 28.33, supra, could be construed to apply to "any money" collected by the circuit court clerk "on behalf of and subject to subsequent distribution to" the board of county commissioners or any other official or officials of state or local government, Ch. 75-110, as the latest statute in point of time, would prevail. DeConingh v. City of Daytona Beach, 103 So.2d 233 (1 D.C.A. Fla., 1958). Under s. 219.07, F.S., all public moneys collected by the circuit court clerk or other public officer on behalf of another officer, agency, fund, or person must be distributed not later than the 40th day after the end of the calendar month in which the money was collected. However, under Ch. 75-110, the circuit court clerk may invest such funds prior to distribution in investments "planned so as not to slow the normal distribution of the subject funds." And, under the clear mandate of the 1975 act, the earnings on such investments must be "reasonably apportioned and allocated and shall be credited to the account of and paid to the office or distributee together with the principal on which such earnings accrued." In sum: The circuit court clerk is entitled to retain as income of his office the earnings on investments of his own funds, such as fees and commissions, and the investments of surplus county funds when specifically authorized by resolution of the board of county commissioners to invest such funds and to credit the interest thereon as income of his office. However, the county commissioners may by resolution direct the circuit court clerk to invest surplus county funds in designated investments and to credit the interest thereon to a particular fund of the county. And the interest on public moneys collected by the circuit court clerk on behalf of the county (or any other state or local official or body) for subsequent distribution thereto and invested prior to distribution must be credited to the county (or other distributee), along with the principal.