QUESTION:
Is the Florida Elections Commission required to give public notice of its hearings on alleged Ch. 106 violation and to publish an agenda for such hearings?
Hearings of the commission, pursuant to s. 106.25(1), F. S., are required by law to be held in closed session and are hence impliedly excepted from the operation of the Government-in-the-Sunshine Law.
Even though Ch. 106, F. S., hearings are excepted, either expressly or impliedly, from the requirements of the Public Records Law and the Government-in-the-Sunshine Law, they are not thereby also exempted from the requirements of the Administrative Procedure Act (Ch. 120, F. S.), since neither Ch. 106 nor Ch. 120 in terms makes or provides for any exception from any provision of Ch. 120. The commission must therefore comply with the notice and agenda requirements of Ch. 120 unless and until, upon proper application to the Administration Commission, it is excepted from those requirements pursuant to the provisions of s. 120.63. However, the Elections Commission need not disclose the identity of the parties or the nature and details of the proceeding in satisfying the requirements of Ch. 120.
SUMMARY:
Pursuant to s. 106.25(1), F. S., all complaints received by the Elections Commission and all relevant reports and recommendations are made confidential and, thus, exempted from the operation of ss. 119.01 and 119.07(1), F. S., of the Public Records Law, until the Department of State concludes that disposition of such complaint has occurred pursuant to Ch. 106, F. S., at which time the complaints and all other relevant material become matters of public record and subject to Ch. 119, F. S.
Section 106.25, F. S. 1975, provides the procedures through which the Elections Commission hears complaints of alleged violation of the State's Campaign Financing Law (Ch. 106, F. S.). Section106.25(1) provides in pertinent part that any complaint filed with the commission `shall be kept confidential until such time as the Department of State concludes that disposition of such complaint has occurred pursuant to this chapter,' at which time the complaint and all relevant reports, recommendations, etc., become matters of public record. Until such time as the complaint and other related materials are declared to be matters of public record, it is a first degree misdemeanor to disclose the contents of the complaint or the testimony or findings or other transactions of the commission. Section 106.25(4) and (5). It is clear, therefore, that the Elections Commission's hearings and dispositions of alleged violations of Ch. 106 are meant to be strictly confidential until the Department of State declares otherwise.
The requirements of confidentiality in s. 106.25, F. S., must be read with reference to Ch. 119, F. S., the Public Records Law. Section 119.01 specifically declares that it is the public policy of Florida that all state records shall be open at all times to anyone for personal inspection. Section 119.07(1) requires any custodian of public records to permit any person desiring to do so inspect and examine such records at any reasonable time, under reasonable conditions, and under supervision of the custodian. However, s. 119.07(2)(a) provides that `[a]ll public records which presently are provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, shall be exempt from the provision of subsection (1).' Hence, by virtue of s. 119.07(2)(a), the complaint and other material relevant to the commission's hearings on alleged Ch. 106 violations are made confidential and are exempt from the mandatory inspection provisions of ss. 119.01 and 119.07(1) until such time as they are declared `public records' by the Department of State.Cf., s. 112.324(1), F. S., making the records relating to preliminary investigations of the Ethics Commission confidential, with certain exceptions, notwithstanding the provisions of Ch. 119.
Section 286.011(1), F. S., Florida's Government-in-the-Sunshine Law, provides that all meetings of a commission of any state agency at which official action is to be taken must be open to the public at all times and that not official action may be takenexcept at such a meeting. It appears that this statute conflicts with the equally forceful mandate of s. 106.25, F. S. Any hearing of the Elections Commission for alleged Ch. 106, F. S., violations is to be a closed, confidential meeting, attended only by those persons necessary to the carrying out of the commission's duties, with criminal penalties prescribed for violation of these provisions. Long-established rules of statutory construction command that we attempt to reconcile these two seemingly conflicting statutes. However, it is clear that reconciliation is impossible in the instant situation, since if the commission conformed to one of the statutory requirements, it would be in direct violation of the other. Section 106.25 is the later of the two statutes to be adopted (1973, amended 1974; s. 286.011 was adopted in 1967, amended 1971). In such a case, where two statutes cannot be interpreted in a consistent or reconcilable way, it is a rule of statutory construction that, while implied modifications of statutes are not favored, a later statute will modify an earlier statute to the extent that consistent interpretation is not reasonably possible. Miami Water Works Local No. 654 v. City of Miami, 26 So.2d 194 (Fla. 1946). Florida courts have consistently held that the latest expression of legislative intent is the law, when two irreconcilable statutes are involved. Johnson v. State, 27 So.2d 276 (Fla. 1964); City of Jacksonville Beach v. Albury, 295 So.2d 297 (Fla. 1974). Hence, pending legislative or judicial clarification, it is the view of this office that s.106.25 is an implied modification of or exception from Florida's Government-in-the-Sunshine Law. Compare s. 112.324(1), F. S., making confidential and exempt from s. 286.011, F. S., certain proceedings of the Commission on Ethics.
Section 120.55(1)(c)3., F. S., provides that the Department of State shall publish a weekly publication, the `Florida Administrative Weekly,' which shall contain all notices of meetings, hearings, and workshops conducted in accordance with the provisions of s. 120.53(1)(d), F. S. That section provides that each agency, in addition to other requirements imposed by law, shall adopt rules for the scheduling of meetings, hearings, and workshops, including the establishment of agenda therefor. This section provides no exception from its requirements for the Elections Commission in performing its Ch. 106, F. S., responsibilities. Compare s. 112.324(1), F. S., providing that all proceedings, the complaint, and other records relating to the preliminary investigations of the Ethics Commission shall be confidential notwithstanding any provision of Ch. 120, F. S. It may appear that the requirement to publish notice of and to prepare an agenda for a meeting or hearing which is by law closed to the public is of little effectiveness. However, a cardinal rule of statutory construction is that statutes must be interpreted so as to give full effect to them all, so long as they are consistent and reconcilable with one another. There is no inconsistency between s. 106.25, F. S., and Ch. 120. Section 106.25 does not deal with questions of notice, scheduling, agenda or other such procedural questions which are covered by Ch. 120. It simply directs that commission hearings be closed and that attendance be restricted. Neither Ch. 106 nor Ch. 120 contains any language that the commission need not conform to Ch. 120 requirements. These requirements can be easily met by the commission by giving notice of an election violation hearing and preparing an agenda for such hearing but without disclosing in any manner the identity of the parties involved or the exact nature of the proceedings or the details of the proceeding or transaction of the commission. In that manner, the requirements of each of the applicable statutes would be met.
Finally, it is not necessarily true that notice and publication of an agenda would serve no useful purpose regarding Ch. 106, F. S., hearings. It may be persuasively argued that the Ch. 120, F. S., requirements serve an important function if they do no more than to let the public know that the Elections Commission is performing its duties, even though members of the public are not permitted to attend or to know the identity of the parties involved in, or the details of, a particular investigation until the time such matters become `public records' by operation of law. However, it is not the prerogative of this office to determine the usefulness of the commission's conforming to Ch. 120. The statute in effect assigns that function to the Administration Commission. Upon application from the Elections Commission, the Administration Commission may exempt any process or proceeding from Ch. 120 requirements if it finds that conformity therewith would be `so inconvenient or impractical as to defeat the purpose of the agency proceeding involved or the purpose of this act and would not be in the public interest in light of the nature of the intended action and the enabling act or other laws affecting the agency.' Section120.63(1)(c).
Until the Administration Commission acts on an exception request from the Elections Commission, it is the opinion of this office that the Ch. 120, F. S., notice and agenda requirements must be met regarding Ch. 106, F. S., election violation hearings, but without disclosing the identity of the parties or the nature of the proceeding.
Prepared by: Sharyn L. Smith Assistant Attorney General Frank A. Vickory Legal Research Assistant