PER CURIAM.
The trial court adjudicated Anthony C. Sepe physically incompetent. The central issue on this appeal is whether the trial court, having adjudicated Anthony C. Sepe physically incompetent, erred in failing to appoint a guardian of the person. The appellant, the only child of the 87-year-old Mr. Sepe, urges that such an appointment is mandatory. We agree.
Section 744.331(9), Florida Statutes (1981), provides:
“When a person is adjudicated mentally or physically incompetent, a guardian of the person shall be appointed, and a guardian of the property may be appointed.” (emphasis supplied).
Were the legislative intent not already clear from the juxtaposition of the mandatory “shall” and the permissive “may” in the statute, any doubt about its intent is set to rest when we note that the language of the predecessor statute, Section 744.331(9), Florida Statutes (1975), provided for permissive appointment only:
“After adjudication of incompetency, a guardian of either the person or the property, or both, of the person [sic] may be appointed.”
The appellee argues, however, that Section 744.344, Florida Statutes (1981), invests discretion in the court. That section reads:
“If the court finds that the person ... is incompetent, it shall appoint a guardian of the person or of the property, or both, as it may deem necessary.”
While the appellee is correct in his conclusion that Section 744.344 makes the appointment discretionary, the conflict between the mandatory language of Section 744.331(9) and the discretionary language of Section 744.344 must be resolved by giving precedence to Section 744.331(9). This is so because Section 744.331(9) in its present form was enacted in 1977, see Ch. 77-328 *28 § 4, Laws of Florida, some three years after the enactment of Section 744.344. It is a well-settled rule of statutory construction that the last expression of the legislative will is the law, and in case of conflicting provisions in the same statute or different statutes, the last in point of time prevails. Williams v. Hartford Accident and Indemnity Company, 382 So.2d 1216 (Fla.1980); Albury v. City of Jacksonville Beach, 295 So.2d 297 (Fla.1974); Overstreet v. Ty-Tan, Inc., 48 So.2d 158 (Fla.1950); Johnson v. State, 157 Fla. 685, 27 So.2d 276 (1946);. Cable-Vision, Inc. v. Freeman, 324 So.2d 149 (Fla. 3d DCA 1975).
Accordingly, we hold that the trial court erred in failing to appoint a guardian of the person of Mr. Sepe in accordance with the dictates of Section 744.331(9), Florida Statutes (1981). Our holding makes it unnecessary to determine whether the evidence before the trial court required it to also adjudicate Mr. Sepe mentally incompetent. Lastly, we find no error in the trial court appointing a guardian ad litem to represent Mr. Sepe for the purposes of this appeal.
Affirmed in part; reversed in part, and remanded with directions to appoint a guardian of the person of Mr. Sepe.