Mr. Edward Paul Kreiling City Attorney City of Miramar Post Office Box 3838 Miramar, Florida 33023
Dear Mr. Kreiling:
This is in response to your request for an opinion on substantially the following question:
 DOES THE CITY OF MIRAMAR HAVE AUTHORITY PURSUANT TO s 403.706, F.S., TO ENTER INTO INTERLOCAL AGREEMENTS WITH OTHER MUNICIPALITIES FOR THE PURPOSE OF DISPOSAL OF SOLID WASTE?
Your letter of inquiry requests a clarification of a municipality's authority under Ch. 403, F.S., to enter into interlocal agreements for the disposal of solid waste with other municipalities. You subsequently forwarded a copy of Ch. 74-451, Laws of Florida, a special act relating to Broward County, and to the regulation of solid waste disposal within the county, and have asked us to review such law and its effect on the question at hand. This special law was enacted and took effect before the adoption in November 1974, of the Broward County Charter. Section7.09 of the Broward County Charter had the effect of repealing all the then-existing special acts pertaining to Broward County. Broward County v. Mattell, 397 So.2d 457 (4 D.C.A.Fla., 1981). Therefore, I have given no consideration to this special law. I am not advised of any ordinance of Broward County which purports to regulate in any way solid waste disposal in Broward County and the applicability of any such county regulations to municipalities located within that county, and thus this opinion is confined to the provisions of Part IV of Ch. 403, F.S.
Section 403.706, contained in Part IV of Ch. 403, of the Florida Resource Recovery and Management Act (enacted into law by Ch. 74-342, Laws of Florida), requires the establishment of a local resource recovery and management program in certain designated areas described by rule of the Department of Environmental Regulation. See, ss 403.705, 403.706. Section 403.706(1) indicates that an interlocal agreement between municipalities is one of the means by which this responsibility may be met. See also, s 163.01, F.S.
The current version of subsection (2)(b) of s 403.706, F.S., which was brought into the statutes by Ch. 77-466, Laws of Florida, provides:
 (b) It is the policy of the state that a county and its municipalities may jointly determine, through an interlocal agreement pursuant to s. 163.01 or by requesting the passage of special legislation, which local governmental agency shall administer the local resource recovery and management program. If, on December 1, 1978, no interlocal agreement has been effectuated and no special act has become law, the board of county commissioners shall administer and be responsible for the local resource recovery program, except sludge from a waste treatment works, air pollution control facility, or water supply treatment plant or other liquid, semisolid, or contained gaseous material, for the entire county.
However, the current version of subsection (4) of s 403.706, F.S., was brought into the statutes by Ch. 79-118, Laws of Florida. Subsection (4) expressly provides in regard to the authority of a municipality to regulate the disposal of solid waste:
 (4) Nothing in this act or in any rule adopted by any agency shall be construed to require any county or municipality to participate in any resource recovery program until the governing body of such county or municipality has determined that participation in such a program is economically feasible for that county or municipality. Nothing in this act or in any special or local act or in any rule adopted by any agency shall be, construed to limit the authority of a municipality to regulate the disposal of solid waste within its boundaries or generated within its boundaries so long as any such disposal facility has been approved by the department unless the municipality is included within a resource recovery program created by interlocal agreement or special or local act. If, on December 1, 1978, bonds had been issued to finance a resource recovery or management program in reliance on state law granting to said county the responsibility for the resource recovery or management program, nothing herein shall permit any governmental agency to withdraw from said program if said agency's participation is necessary for the financial feasibility of the project, so long as said bonds are outstanding. (e.s.)
In a subsequent communication with our office, you have stated that the City of Miramar is not included within a resource recovery program created by interlocal agreement or by special law, nor is the city a participant in any resource recovery program financed by a bond issue such as that described by s403.706.
In light of the express language of subsection (4) of s 403.706, F.S., and since this provision is a later and more specific enactment of the Legislature, it is my opinion that the express exception for solid waste disposal by municipalities contained therein should control the question posed by your inquiry. Albury v. City of Jacksonville Beach, 295 So.2d 297 at 300 (Fla. 1974); De Coningh v. City of Daytona Beach, 103 So.2d 233 (1 D.C.A.Fla., 1958).
Accordingly, in view of the express language of s 403.706(4), F.S., and your statement that the City of Miramar is not "included within a resource recovery program created by interlocal agreement or special or local act," and that it is not a participant in a resource recovery program financed by a bond issue such as that described by s 403.706(4), it is my opinion that the City of Miramar has authority, pursuant to s 403.706, to enter into interlocal agreements with other municipalities for the purpose of disposal of solid waste, so long as it complies with any other applicable provisions of Ch. 403, F.S., and any applicable, valid rule of the Department of Environmental Regulation.
In summary, in the absence of any judicial direction, it is my opinion that the City of Miramar has authority pursuant to s403.706, F.S., to enter into interlocal agreements with other municipalities for the purpose of disposal of solid waste, subject to the regulatory requirements of the Department of Environmental Regulation imposed pursuant to Part IV of Ch. 403, F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General