448 So.2d 605 (1984)
Hyman ASH, Guardian of the Person of Aaron Ash, Incompetent, Appellant,
v.
COCONUT GROVE BANK, Guardian of the Property of Aaron Ash, Incompetent, and Patricia Ash, Appellees.
Nos. 83-839, 83-1327.
District Court of Appeal of Florida, Third District.
April 17, 1984.
*606 Levin & Fishman and Jacob Fishman, Miami, for appellant.
Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern and Michael P. Andersen, Harold M. Braxton, Miami, for appellees.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
This is an appeal challenging the award of attorney's fees to both the guardian of the person and the guardian of the property. For the reasons which follow, we reverse for reconsideration and reexamination of the fee awards.
This proceeding had its genesis in a final judgment of dissolution of marriage which awarded the natural father custody of the minor incompetent child, making him the natural guardian pursuant to section 744.301(1), Florida Statutes (1983). The father, as next friend, already had in progress a medical malpractice action against the obstetrician for the birth defects which incapacitated his child. When it appeared that the child would receive a settlement award in excess of $5,000, both of the natural parents recognized that a guardian of the property must be appointed. § 744.387(2), Fla. Stat. (1983). As they could not agree on who should be appointed, the parents ultimately petitioned the court to appoint the Coconut Grove Bank as guardian of their child's property. Following that, the father then filed a "Petition for Order Authorizing Periodic Payments to Guardian of Person." This petition was opposed by the Bank as guardian of the child's property as well as by the child's mother. The trial court granted the petition but disallowed some of the expenses.
The father appealed the adequacy of the award to this court and the mother and guardian of the property cross-appealed claiming that no reimbursement should have been allowed. The case culminated in our decision here. Ash v. Coconut Grove Bank, 443 So.2d 437 (Fla. 3d DCA 1984).
During the course of the proceedings in the lower court, the attorneys for the father filed a petition for legal fees incurred in setting up the guardianship and petitioning for reimbursement. The trial court granted their requested fees for setting up the guardianship, but allowed only six hours of compensable time in connection with the petition for reimbursement. In allowing only six hours to the father's attorney, the trial court gave as its reason the "acrimony" that developed and existed between the child's natural father and mother during that proceeding.
At a later hearing, the trial court awarded in full the fees and costs sought by the Bank as guardian of the property and deferred its ruling on the mother's attorney's fees award. The father has appealed all three orders relating to fees.[1]
We first consider whether the father's attorney was entitled to a fee award pursuant to section 744.424, Florida Statutes (1983).[2] That section provides in pertinent part:
(1) An attorney who has been employed by a guardian and rendered service to the ward, or to the guardian in the ward's behalf, may petition for attorney's fees.
The guardian of the property argues that the statute does not contemplate that the attorney for a natural guardian be allowed fees. We need not consider this issue because we conclude, on the record before us, *607 that the father was the guardian of the person. While there is no petition for appointment of a guardian of the person,[3] the father's request for reimbursement was titled "Petition for Order Authorizing Periodic Payments to Guardian of Person" and was apparently made pursuant to section 744.374, Florida Statutes (1983). In entering its order on the petition, the court specifically described the father as the guardian of the person and thus we consider this order as an order of appointment. The fact that no letters of guardianship of the person were issued does not affect the validity of the order appointing the guardian. § 744.313, Fla. Stat. (1983).
Section 744.374, Florida Statutes (1983) expressly empowered either the guardian of the person or the guardian of the property to petition for an order determining the proper amount of support to be allocated between the guardianship estate and the natural father. Since the reimbursement allowed by the court would be utilized for the ward's care, we conclude that the petition sought to accomplish a service on behalf of the ward and accordingly find that an award of fees was proper.
We next determine whether the award to the father as guardian of the person was inadequate. For reasons which will become apparent, we answer this question in conjunction with our consideration of the correctness of the Bank's fees. After the Bank was appointed as guardian of the property, it had a direct statutory obligation, pursuant to section 744.377, Florida Statutes (1983), to preserve and protect the assets of the guardianship estate. Thus, when the guardian of the person sought to use the guardianship assets for the care of the ward, it was the guardian of the property who had the responsibility to protect the ward's assets. Nonetheless, at the hearing on the petition for reimbursement, counsel for the Bank advised the court that it was in the position of a "stakeholder" and that the natural parents, being "heirs at law" of the child, should be allowed to participate in the litigation.[4] The trial court acquiesced and the mother's counsel proceeded to cross-examine the father.
While the mother had an understandable interest in the matter, she did not constitute an interested person for the purpose of participating in this litigation. At all times, her only legitimate interest was coextensive with and entirely aligned with that of the Bank as guardian of the child's property.
Because the guardian of the property had no adverse interest in the proceeding and thus was protecting the child's property, the probate court should have exercised the broad discretion it has in managing and controlling litigation, see Fla.R.P. & G.P. 5.080(b), to preclude the mother from participating in the litigation beyond the appointment of the respective guardians of the person and property. Having failed to do so, a situation was created whereby the mother's unwarranted participation caused needless litigation costs. The additional time which was spent should not, however, be attributed to the father who was by statute permitted to initiate the proceedings. Therefore, we reverse the trial court's order which limited the father's award and remand for a determination of a reasonable fee for services rendered. Lucom v. Atlantic National Bank of West Palm Beach, 97 So.2d 478 (Fla. 1957); Dierickx *608 v. Wisehart, 195 So.2d 614 (Fla. 3d DCA 1967).
As to the Bank, however, to the extent that the Bank's abdication of its role as guardian of the property caused the fees to be increased beyond what would be normal and reasonable in defense of a petition for reimbursement, the award to it must be redetermined.
Reversed and remanded.
NOTES
[1] The appeal from the deferral of attorney's fees to the mother was dismissed as a non-final order.
[2] While the appellees have not filed a notice of cross-appeal on this point, we will treat its brief as sufficient notice that it cross-appeals on this point. City of Hialeah v. Martinez, 402 So.2d 602, 603, n. 4 (Fla. 3d DCA), pet. for review denied, 411 So.2d 380 (Fla. 1981).
[3] It is required that a guardian of the person be appointed when a person is adjudicated mentally or physically incompetent. § 744.331(9), Fla. Stat. (1983); In re Sepe, 421 So.2d 27 (Fla. 3d DCA 1982).
[4] The following discussion transpired on this point:

BANK'S COUNSEL: Your Honor, as things go on the property we're almost [a stakeholder] because we're trying to protect the property. On the other hand, since he's incapable and may very well be so for the rest of his natural life, the probability is that his heirs at law are really the most interested parties in this case, and of course the mother and father are both present in court.
And we feel that any dispute over his finances ultimately effects [sic] the capability of Aaron. Since they are presently represented by counsel, we think that they should be present most of the case.