Mr. Andrew DeGraffenreidt, III City Attorney City of Hollywood Gen. Joseph W. Watson Circle Post Office Box 2207 Hollywood, Florida 33022
Dear Mr. DeGraffenreidt:
This is in response to your request for an opinion on substantially the following question:
 DOES A MUNICIPALITY'S BONA FIDE SENIORITY SYSTEM OR BONA FIDE EMPLOYEE BENEFIT PLAN SUCH AS RETIREMENT, PENSION OR INSURANCE PLAN FOR ITS EMPLOYEES CONSTITUTE AN EXCEPTION TO THE PROHIBITIONS AGAINST MANDATORY RETIREMENT AGE CONTAINED IN STATE LAW?
According to your letter, you are concerned about an apparent conflict between the provisions of s 112.044, F.S., and s 760.10, F.S., relating to a mandatory retirement age. Section 112.044, F.S., which prohibits age discrimination in public employment, was enacted "to promote employment of older persons based on ability rather than age and to prohibit arbitrary age discrimination in employment." See, s 112.044(1), F.S. Section 112.044(2)(a), F.S., defines "employer" to mean "the state or any county, municipality, or special district or any subdivision or agency thereof." Law enforcement agencies or firefighting agencies in the state are expressly excluded from the foregoing definition.
Section 112.044(3)(a), F.S., provides in pertinent part:
 Except as provided in paragraph (f), it is unlawful for an employer to: 1. Fail or refuse to hire, discharge or mandatorily retire, or otherwise discriminate against any individual . . . because of age.
Subsection (3)(f) of s 112.044 sets forth the exceptions to the abovecited statute and provides that it is not unlawful for an employer, employment agency or labor organization to
 1. Take any action otherwise prohibited under paragraphs (a), (b), (c), or (e), based on a bona fide occupational qualification reasonably necessary to the normal operation of the particular business.
 2. Observe the terms of a bona fide seniority system or any bona fide employee benefit plan, such as a retirement, pension, or insurance plan, which is not a subterfuge to evade the purposes of this act.
See, AGO 78-137 in which this office concluded that notwithstanding the provisions of s 112.044, subsequent to January 1, 1971, federal law prohibited the mandatory retirement of municipal employees between the ages of 40 and 70 solely because of age, even if required under an existing bona fide municipal pension or retirement plan, unless age is a bona fide occupational qualification reasonably necessary for a particular job or occupation or the employee has been in a bona fide executive or high policymaking position for two years prior to retirement and is entitled to specified retirement benefits.
Section 760.10, F.S. (formerly s 23.167, F.S. 1981, and s 13.261, F.S. 1979) also prescribes certain unlawful employment practices, including employment discrimination on the basis of age. "Person" is defined by s 760.02(5), F.S., to include "the state; or any governmental entity or agency." (e.s.) "Employer" is defined for purposes of s 760.10 in s 760.02(6), F.S., as "any person employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." (e.s.) Thus, as a governmental entity, a municipality would appear to be included within the purview of and subject to the provisions of s 760.10, if it meets the foregoing criteria. Cf., Brevard County Sheriff's Department v. Florida Commission on Human Relations, 429 So.2d 1235 (5 D.C.A. Fla., 1983), wherein the court quashed the commission's order which concluded that a former employee of the sheriff's department had been discharged because of his handicap in violation of s 23.167 [now s 760.10]; the court concluded that the commission's order, which was in direct conflict with the hearing officer's findings of fact, was not supported by competent substantial evidence.
Subsection (8) of s 760.10 provides in part that notwithstanding other provisions of s 760.10, it is not an unlawful employment practice for an employer to take or fail to take action on the basis of age where age is a bona fide occupational qualification reasonably necessary for the performance of the particular employment to which such action or inaction is related or to observe the terms of a bona fide seniority system, a bona fide employee benefit plan such as a retirement, pension, or insurance plan, or a system which measures earning by quantity or quality of production, which is not designed, intended or used to evade the purposes of ss 760.01 — 760.10. Section 760.10(8)(a) and (b), respectively. Paragraph (b) of s 760.10(8) goes on to state:
 However, no such employee benefit plan or system which measures earnings shall excuse the failure to hire, and no such seniority system, employee benefit plan, or system which measures earnings shall excuse the involuntary retirement of, any individual on the basis of any factor not related to the ability of such individual to perform the particular employment for which such individual has applied or in which such individual is engaged.
Based upon the foregoing language, it appears that a bona fide seniority system or bona fide employee benefit plan will not excuse the involuntary retirement of an individual on the basis of age unless it relates to the individual's ability to perform his job.
Thus s 112.044, F.S., while prohibiting mandatory retirement in public employees' pension or retirement plans, provides exceptions for bona fide occupational qualifications and for bona fide seniority systems or bona fide employee benefit plans which are not a subterfuge to evade the purposes of the act. Section 760.10, however, only permits bona fide occupational qualifications to be used as an exception to the terms of the statute. In light of the apparent conflict between the two statutes, you inquire whether a municipality's seniority system or employee benefit plan constitutes an exception to the statutory prohibitions against a mandatory retirement age.
Section 112.044, F.S., was adopted in 1976. See, ss 6 — 8, 10, and 11, Ch. 76-208, Laws of Florida. Although the statute has been subsequently amended in nonmaterial particulars having no bearing on the instant question, such amendments have generally been contained in revisor's bills. See, s 1, Ch. 77-174; s 7, Ch. 79-7; s 4, Ch. 81-169, Laws of Florida. And see, Ch. 79-190, Laws of Florida, which created the executive office of the Governor and amended the statutes so as to transfer powers, duties and functions in conformance therewith. Section 760.10, originally numbered as 13.261, was adopted by the Legislature in 1977. See, s 6, Ch. 77-341, Laws of Florida. Subsection 8(b) of the statute originally provided that "no such employee benefit plan shall excuse the failure to hire, or the involuntary retirement of, any individual on the basis of any factor not related to the ability of such individual to perform the particular employment for which such individual has applied or in which such individual is engaged." The following year the statute was amended to provide that "no such employee benefit plan or system which measures earnings shall excuse the failure to hire, and no such seniority system, employee benefit plan or system which measures earnings shall excuse the involuntary retirement of, any individual on the basis of any factor not related to the ability of such individual to perform the particular employment for which such individual has applied or in which such individual is engaged . . . ." Section 2, Ch. 78-49, Laws of Florida. Chapter 78-49 also amended the statute to permit involuntary retirement in the private employment sector pursuant to bona fide employee benefit plans to the extent that such involuntary retirement was otherwise permitted by the Federal Age Discrimination in Employment Act, as amended; this language, however, was deleted in 1981 by Ch. 81-109, Laws of Florida. The 1981 amendment to the statute also added the provision:
 This subsection shall not be construed to make unlawful the rejection or termination of employment where the individual applicant or employee failed to meet bona fide requirements for the job or position sought or held, or to require any changes in any bona fide retirement or pension programs or existing collective bargaining agreements during the life of the contract, or for 2 years after the effective date of this act, [October 1, 1981], whichever occurs first, nor shall this act preclude such physical and medical examinations of applicants and employees as an employer may require of applicants and employees to determine fitness for the job or position sought or held. (e.s.)
Thus, s 112.044, F.S., was the earlier law. The mere fact that a later statute relates to matters covered in whole or in part by prior statute does not cause a repeal of the older statute, and if the two operate upon the same subject without positive inconsistency or repugnancy in their practical effect and consequences, they should be given the effect designed for them unless a contrary intent clearly appears. State v. Gadsden County,58 So. 232 (Fla. 1912); Ellis v. City of Winter Haven,60 So.2d 620, 623 (Fla. 1952). However, in the event of an irreconcilable conflict between statutes, the later act will control. See, Williams v. Hartford Accident and Indemnity Co., 382 So.2d 1216
(Fla. 1980); Albury v. City of Jacksonville Beach, 295 So.2d 297
(Fla. 1974) (last expression of legislature will prevail in cases of conflicting statutes); In Re Sepe, 421 So.2d 27 (3 D.C.A. Fla., 1982) (last expression of legislature will is the law and in case of conflicting provision in same statute or different statutes last in point of time prevails); Laramore v. State, 342 So.2d 90
(1 D.C.A. Fla., 1977). In the instant inquiry, it appears that such a conflict exists. Section 112.044, provides an exception from the prohibition against mandatory retirement for bona fide employment benefit plans which are not a subterfuge to evade the purposes of s 112.044. Section 760.10(8)(b), although stating that it is not an unlawful employment practice for an employer to take or fail to take action on the basis of age where such action or inaction is related to or in observance of the terms of a bona fide employment benefit plan, provides that no such employee benefit plan shall excuse the involuntary retirement of an individual on the basis of any factor not related to such individual's ability to perform the particular employment in which he is engaged. In light of this apparent conflict and based upon the foregoing, it appears that s 112.044 has been impliedly modified or repealed and s 760.10(8)(b) as the latest expression of the Legislature should control over any conflicting provision in s 112.044.
Accordingly, I am of the opinion until and unless judicially determined to the contrary that a municipality's bona fide seniority system or bona fide employee benefit plan does not constitute an exception to the prohibitions against mandatory retirement age contained in state law unless age can be shown to be a bona fide occupational qualification or related to the employee's ability to perform the particular employment in which he is engaged.
Sincerely,
Jim Smith Attorney General
Prepared by:
Joslyn Wilson Assistant Attorney General