SHIVERS, Judge.
This appeal is from a final order granting summary judgment and declaring annexation ordinances passed by the Town of Baldwin unconstitutional. We affirm.
Fred Miller and A.G. Ambrose each own land in Duval County. The two parcels total approximately 57 acres and adjoin the Town of Baldwin, which is also in Duval County. In April and September 1990, at the petition of Miller and Ambrose, Baldwin’s town council passed ordinances annexing the two parcels into its incorporated area.
In October 1990 Jacksonville filed an amended complaint seeking declaratory and injunctive relief. The complaint alleges that the annexed land “is located entirely within the boundary of the corporate limits of the Consolidated City of Jacksonville.” The complaint also alleges that the boundary of the corporate limits of Jacksonville is coextensive with the territorial boundary of Duval County; with the exceptions of Baldwin and three beach cities, *96 “there have been no unincorporated areas located within the territorial boundaries of Duval County.” Accordingly, Jacksonville sought an adjudication that Baldwin’s annexation ordinances are unconstitutional.
Baldwin answered the complaint and denied that (1) the annexed property is located within the boundary of the corporate limits of the Consolidated City of Jacksonville, and (2) there have been no unincorporated areas located within the territorial boundaries of Duval County.
Both parties moved for summary judgment. As background, Baldwin quotes from City of Jacksonville Beach v. Albury, 291 So.2d 82 (Fla. 1st DCA 1973), aff'd, 295 So.2d 297 (Fla.1974):
[The Beach Cities’ and Baldwin’s] freedom to function as independent corporate entities is restricted only by the right of the consolidated government of the City of Jacksonville to adopt ordinances in the exercise of its county governmental functions binding on the territory and inhabitants of those urban service districts comprising the Beaches and Baldwin only to the extent as would have been permitted by Duval County prior to consolidation.
[[Image here]]
[The Beach Cities and Baldwin] are empowered to exercise all municipal functions, powers, duties, and authority normally possessed and exercised by other duly chartered municipal corporations in this state.
Id. at 89-90. Baldwin argued that it thus has the same power to annex as any municipality.
Jacksonville also moved for summary judgment. It argued that Chapter 78-536, Laws of Florida, states that the consolidated governments of the City of Jacksonville and Duval County “shall ... extend territorially throughout Duval County ... and shall have jurisdiction as a municipality throughout Duval County except in ... the Town of Baldwin.” All lands are incorporated as either the municipal corporation of Jacksonville or several ‘quasi municipal’ corporations, such as Baldwin. Therefore, there are no unincorporated lands within the boundaries of Duval County. Section 171.043, Florida Statutes, prohibits annexation of an area “included within the boundary of another incorporated municipality.” Further, pursuant to section 2.06 of Jacksonville’s Charter, only the legislature can expand the territory of Baldwin unless the Charter itself provides otherwise; the Charter does not provide otherwise.
The trial court entered a final order granting Jacksonville’s motion for summary judgment, denying Baldwin’s motion for summary judgment, and declaring Baldwin’s annexation ordinances unconstitutional and void ab initio. The order states, “Within the boundaries of Duval County there is no unincorporated land.”
We affirm the trial court’s order. Article VIII, section 9, of the 1885 Florida Constitution, as preserved by Article VIII, section 6(e), of the 1968 constitution, empowered the legislature to establish
a Municipal corporation to be known as the City of Jacksonville extending throughout the present limits of Duval County, in the place of any or all county ... and local governments_ Such municipality may exercise all the powers of a municipal corporation ... which would accrue to it if it were a county. All property of Duval County and of the municipalities in said county shall vest in such municipal corporation when established. ...
The legislature divided the City of Jacksonville into a general services district (Duval County) and five urban services districts: # 1) the former city limits of Jacksonville, # 2) Jacksonville Beach, # 3) Atlantic Beach, # 4) Neptune Beach, and # 5) the Town of Baldwin. The first Charter of the City of Jacksonville states that all the governments in Duval County
are hereby consolidated into a single body politic and corporate_ The consolidated government shall ... succeed to and possess all the properties ... of the former governments_ The consolidated government shall have jurisdiction, and extend territorially throughout the present limits of Duval County.
*97 Ch. 67-1320, §§ 1.01 and 1.02, Laws of Fla. (1967). In 1978 the Charter was amended to clarify that Jacksonville’s municipal powers extended throughout the county, except for the Beach Cities and Baldwin.
The conflict in this case is between (1) Baldwin’s right as a quasi-municipal corporation to exercise municipal functions (such as annexation of unincorporated land) just as any other municipal corporation in Florida pursuant to Albury, and (2) the right of any incorporated municipality (such as the City of Jacksonville) to be protected from annexation of land within its boundaries by another municipality pursuant to section 171.043(1). Appellee correctly states, “The essence of the issue in this case is whether the area in Jacksonville designated as ‘general services district’ is part of the [incorporated] City of Jacksonville.”
Chapter 67-1320, Laws of Florida (1967), consolidated all of Duval County into “a single body politic and corporate.” The consolidation was initiated “pursuant to the power granted by section 9 of article VIII of the [Florida] Constitution.” Section 9 states, “The Legislature shall have power to establish, alter or abolish, a Municipal corporation to be known as the City of Jacksonville, extending territorially throughout the present limits of Duval County_” (emphasis added). Therefore, according to the Florida Constitution, the Consolidated City of Jacksonville is a municipal corporation extending throughout Duval County; there is no unincorporated land in Duval County.
The 1967 legislature amended Chapter 1320 in Chapter 1535, the intent of which was to “preserve for the people residing in the (second through fourth) urban districts the same local governmental structure ... and laws which existed in those areas prior to the effective date of this charter.” Ch. 67-1535, § 2A.01, Laws of Fla. The second through fourth urban districts also (1) retained use of its property and the entitlement to “own, acquire, encumber and transfer property in its own name,” and (2) remained subject to all special and general laws which applied to their former governments “as if the municipal charters of those former governments were still in full force and effect.” Ch. 67-1535, §§ 2A.05 and 2A.06, Laws of Fla. Accordingly, the supreme court held in Jackson v. Consolidated Government of the City of Jacksonville, 225 So.2d 497 (Fla.1969), that the consolidated city “will extend throughout the territory, but that one or more municipal or local governments in the territory may continue in existence [as] quasi municipal corporations.” Id. at 503.
Baldwin argues that because Albury classifies it as a “duly constituted municipal corporation,” which is empowered to exercise all municipal functions that they were permitted to perform under state law prior to consolidation, they can annex as freely as any municipality.
However, “[municipal annexation of unincorporated territory, merger of municipalities, and exercise of extraterritorial powers by municipalities shall be as provided by general or special law.” Art. VIII, § 2(c), Fla. Const. Regardless of whether Baldwin is relying on section 171.04(1), Florida Statutes (1965), or section 171.-043(1), Florida Statutes (1989), general law provides that no municipality can annex land “within the boundary of another incorporated municipality.”
Because (1) according to the Florida Constitution there is no unincorporated land in Duval County, (2) the land annexed by Baldwin is in Duval County, and (3) no municipality can unilaterally annex incorporated land, the trial court correctly ruled that Baldwin’s attempted annexation of land within Duval County is unconstitutional.
AFFIRMED.
SMITH and KAHN, JJ., concur.